503 So.2d 206 (1987)
Alexander GERHOLD
v.
NEW ORLEANS POLICE DEPARTMENT.
No. CA-5987.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
Rehearing Denied March 19, 1987.
Writ Denied May 8, 1987.
Bruce C. Ashley, II, New Orleans, for Alexander Gerhold.
Before CIACCIO, WARD and ARMSTRONG, JJ.
WARD, Judge.
Appellant Alexander Gerhold appeals a decision of the New Orleans Civil Service Commission upholding his dismissal from the position of a Police Officer II in the New Orleans Police Department. We affirm.
The Department suspended appellant for ninety-three days and then dismissed him for a series of incidents which occurred on February 17, 1985, the evening of the Bacchus Mardi Gras Parade. On the basis of the following testimony offered by appellant with regard to these incidents, the Commission held that the Police Department had sustained its burden of proof:
Appellant admitted that during his parade duty on February 17, 1985 he had drunk alcoholic beverages offered to him by members of the crowd attending the Bacchus parade. He denied that he was intoxicated. He admits that he refused to take an Intoximeter Test when ordered to do so by his superior officer but claims that he had been injured, was exhausted and in great pain when he refused to take the test. He admits that he may have cursed deputies of the Criminal Sheriff's Office who were summoned to assist him when he was injured in an arrest of a disorderly crowd member but *207 he claims that he rejected treatment offered by the deputies and that they insisted on treating him.
The Commission then reviewed the entire sequence of events that occurred on February 17:
During his parade duty during the Bacchus parade and after he had drunk alcoholic beverages offered to him by members of the crowd, appellant became involved in the arrest of a disorderly crowd member. At this point accounts differ. Several employees of the federal government testified that they were watching the parade when they observed appellant and his partner making the arrest and that the police officers were escorting the arrested man, who by then was in handcuffs, into a federal parking lot without an exit other than the one into which the officers were moving and that the appellant was striking the handcuffed man on the head. When a federal officer charged with providing security to the parking lot protested this treatment, he was arrested and forcibly disarmed by appellant and other officers despite the fact he identified himself as a federal security officer and was accompanied by his supervisor who was similarly identified. Appellant never testified with regard to this incident either on direct or cross-examination.
During the course of this incident, appellant apparently received an injury to his thumb. A medical team from the Criminal Sheriff's office was summoned. They testified that when they located appellant and approached him he cursed them and the Sheriff's Office and demanded to be treated by "real policemen". Testimony was presented that officials in the Police Department had sought the assistance of medical teams from the Sheriff's Office during the hectic Mardi Gras season so that the appearance of the Sheriff's Office medical team was somewhat of a favor to the Police Department. Appellant testified that the Sheriff's men grabbed his injured hand and attempted to treat him against his will. This, again, is incredible.
Appellant wound up in a hospital emergency room and was treated for his injured thumb. At that point a supervisor confronted him and asked him to undergo an Intoximeter test, a test that would have taken just a few minutes. A "real police" team was present to administer the test but appellant refused to take it and was suspended on the spot.
Appellant was described by several witnesses as "wild-eyed" and "out of control" during the confrontation with the federal security officers and the Sheriff's office medical team. He was apparently extremely talkative and repetitive during the ride to the hospital and had to be warned to not make a fool of himself at the hospital. By the time he reached the hospital, which was some considerable time after the consumption of the alcoholic beverages appellant was apparently more under control.
The Commission concluded that the Police Department had carried its burden of proof despite the mitigating circumstances introduced by appellant:
Appellant, in addition to denying the principal charges against him, introduced evidence of his past record in mitigation. Unfortunately, we cannot conclude that this evidence outweighs the thrust of the evidence introduced against appellant. In the course of one evening, he managed to act outrageously with regard to two law enforcement agencies, the federal security officers and the Sheriff's Officers and to defy his own superiors.
The version of the facts presented above is essentially the testimony of the Federal Security officers, the Orleans Parish Criminal Sheriff's officers, and the Police Department officers and differs somewhat from two bystanders version. The Commission chose to believe the officers and we cannot say, in view of the substantial evidence on the whole of the record, its credibility determination was clearly wrong.
On appeal appellant argues the Commission erred in its determination that appellant's actions were sufficient cause for dismissal. Given the mitigating circumstances and the underlying factual situation *208 appellant urges that dismissal is too harsh a penalty. We disagree. Appellant admitted he consumed alcoholic beverages, cursed two Criminal Sheriff's Deputies when they responded to appellant's call for an emergency unit and refused to obey a direct order from a supervisor to submit to an intoximeter test. This conduct violated Departmental Rules and or Procedures regarding Courtesy, Use of Alcohol On-Duty and Instructions from an Authoritative Source. In view of these violations, we agree with the Commission that the evidence introduced against appellant outweighs the evidence introduced by him.
Appellant next argues that the Commission erred in its determination that appellant acted "outrageously" with regard to Federal Security officers and the Orleans Parish Criminal Sheriff's Officers. In view of the substantial evidence on the whole of the record, we cannot say the Board's findings of fact were manifestly erroneous. Given these facts the conclusion drawn by the Commission from these facts, specifically that the appellant acted outrageously with regard to two law enforcement agencies, was not an arbitrary decision.
Appellant also argues that the Commission erred in its determination that appellant defied his superiors. Specifically, appellant urges that he was justified in refusing to take the intoximeter test because he had been up for a long period of time, had been involved in a struggle with two different individuals, had his finger broken and had ingested medication for pain. Notwithstanding the excuses for refusing to take the intoximeter test, the fact remains that appellant refused to follow a direct order from his supervisor  a violation of Departmental Rule Four which states "a member shall professionally, promptly, and fully abide by or execute instructions issued from any authoritative source." Hence, we find no merit to this argument.
For the above reasons, we affirm the decision of the Commission at appellant's cost.
AFFIRMED.
CIACCIO, J., concurs.
CIACCIO, Judge, concurring.
The hearing examiner who took the live testimony stated for the record that he believed the testimony of the two disinterested bystanders which exonerated Gerhold in connection with the incident involving the Federal security officers. I believe the Commission erred in making a factual finding contrary to the credibility call of the hearing examiner. However, the record amply supports their other factual findings which are sufficient to sustain their judgment affirming the dismissal.