571 So.2d 178 (1990)
John HALL
v.
DEPARTMENT OF POLICE.
No. 90-CA-0349.
Court of Appeal of Louisiana, Fourth Circuit.
November 29, 1990.
*179 Frank G. Desalvo, Dianne Varisco, New Orleans, for appellant.
Keith A. Doley, Asst. City Atty., Val K. Scheurich, III, Deputy City Atty., William D. Aaron, Jr., Chief Deputy City Atty., Okla Jones, City Atty., New Orleans, for appellee.
Before KLEES, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
Appellant, John Hall, was suspended from his employment as a police officer with the New Orleans Police Department for a five day period and received a demotion in rank effective May 14, 1989 to the grade of Police Officer II. Hall appealed this disciplinary action to the Civil Service Commission. On July 24, 1989 a hearing was held before a Commission Hearing Examiner, and on November 22, 1989 the Commission upheld the disciplinary action. Hall now appeals the Commission's decision. We affirm.
The disciplinary action in this case arose out of an incident which occurred on February 21, 1989 wherein appellant participated in the investigation of a shooting incident. Officer Hall arrived first on the scene with Officer Timothy Williams, a junior officer whom Hall was field training at the time. Sergeant Jeffrey Jacobson, Hall's supervisor, arrived on the scene shortly afterwards and observed the male victim lying head first at the bottom of the stairwell. The remaining facts are in dispute.
Sergeant Jacobson testified at the hearing that when he arrived on the scene, he observed the victim's condition and notified the Robbery and Homicide Divisions and the Crime Lab. He stated he then specifically instructed Officer Hall not to let anyone upstairs until these detectives arrived at the scene. He also instructed Hall not to go upstairs himself. Jacobson then went to the hospital to check on the victim. He then called Officer Hall on the radio and asked him to try to find the name of the victim. Hall called him later with the victim's name. Sergeant Jacobson returned to the crime scene after it had been cleared, and he did not see anyone go upstairs.
Officer Hall testified at the hearing that he was not directly given an order from Sergeant Jacobson to prevent anyone from going upstairs. He admitted that he went upstairs with Officer Williams that night and searched through drawers to locate the victim's identification. Officer Hall further testified that while he was upstairs he attempted to use the telephone to notify Sergeant Jacobson of the victim's identity. He stated that one of the detectives who was in the kitchen at the time yelled at him to put the phone down.
Sergeant Wilbert Rome testified at the hearing that he also participated in the investigation of this shooting. He stated he arrived on the crime scene after Sergeant Jacobson and went upstairs to look for Officers Hall and Williams. Sergeant Rome testified that he stayed upstairs for two minutes, during which time Officers Hall and Williams were writing their reports. He said he told the officers that Homicide and Crime Lab were on the way, and he went back downstairs. He stated he did not see the officers searching *180 through the drawers, although Officer Hall testified Sergeant Rome was upstairs while he was searching the apartment yet said nothing.
By letter dated May 10, 1989 signed by the Superintendent of Police, appellant was found to be in violation of departmental rules relative to Truthfulness, Instructions from Authoritative Source and Interfering with an Investigation. The penalty imposed on appellant for these violations was a demotion from the grade of Police Officer III to the grade of Police Officer II, removal from the Field Training Officer Program and a suspension for a period of five working days.
The sole issue presented for our review is whether the Civil Service Commission erred in upholding the disciplinary action taken against appellant by the New Orleans Police Department.
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. La.Const.Art. X, Section 8(A). The employee may appeal from such disciplinary action to the Civil Service Commission; the appointing authority bears the burden of proving by a preponderance of the evidence that the employee's conduct in fact impaired the efficiency and orderly operation of the public service. Newman v. Department of Fire, 425 So.2d 753 (La.1983).
The Civil Service Commission's decision is subject to review on any questions of law or fact upon appeal to the court of appeal. La.Const.Art. X, Section 12(B); Bruno v. Department of Police, 462 So.2d 139 (La.1985). The standard of review by an appellate court is whether the factual findings reached by the Commission are clearly wrong or manifestly erroneous. In judging the Commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the Commission's order unless it is arbitrary, capricious or characterized by an abuse of discretion. Walters v. Dept. of Police of New Orleans, 454 So.2d 106 (La. 1984).
We are of the opinion that the appointing authority in the present case demonstrated by a preponderance of the evidence that the conduct of Officer Hall did in fact impair the efficient and orderly operation of the police department. Hall's superior, Sergeant Jacobson, testified that he specifically instructed Hall to prevent anyone from going upstairs at the crime scene. Although Officer Hall denied that he heard this order the Commission apparently found the testimony of Sergeant Jacobson to be more credible. We find no abuse of the Commission's discretion, and we will not disturb the Commission's findings.
Further, Officer Hall admitted that he searched through the bedroom drawers in the upstairs apartment and attempted to use the phone. He argues that he was only acting at the request of Sergeant Jacobson to find identification on the victim and relay that information to him at the hospital. However, Sergeant Jacobson testified that although he asked Officer Hall to determine the victim's identity, he specifically told Officer Hall to preserve the crime scene until Homicide and Crime Lab completed their investigation.
The actions of Officer Hall in disregarding the orders of a superior and potentially disrupting evidence at the scene of the crime clearly impaired the orderly operation of the police department and constituted legal cause for disciplinary action. We find this infraction to be particularly grave in light of the fact that Officer Hall was training a junior officer on that evening. Officer Hall's violations of the departmental rules cited by the police department justified the disciplinary action taken against him. Based on our review of the record, we find that the decision of the Commission upholding the disciplinary action is not arbitrary, capricious or an abuse of discretion.
Accordingly, for the foregoing reasons, the ruling of the Civil Service Commission upholding all disciplinary actions taken *181 against Officer Hall by the police department is affirmed.
AFFIRMED.