ARMSTRONG, Judge.
Plaintiff, Ralph Caesar, appeals from a decision by the New Orleans City Civil Service Commission (the Commission) upholding his three-day suspension by the New Orleans Police Department (the Department). We now reverse.
Plaintiff is a New Orleans Police Officer classified as a Police Officer III with permanent status. He has been with the Department since May 1983. He was suspended for three days on March 18, 1990 for allegedly becoming involved in an altercation with the doorman of a Bourbon Street club while intoxicated. Following his suspension, plaintiff appealed to the Commission which, after a hearing, upheld the disciplinary action imposed by the Department, the “appointing authority.”
Plaintiff was off-duty and not in uniform on the day in question, March 18,1990. He testified that he consumed three drinks at his brother’s residence between 3:00 p.m. and 5:00 p.m. At approximately 5:30 p.m., he picked up an acquaintance, Karen Cross, in eastern New Orleans, and they drove to the French Quarter. After parking the car he was driving, plaintiff and Ms. Cross were walking on Bourbon Street when, according to Ms. Cross, they stopped in front of a club. Ms. Cross stated that a doorman in front of the club said to them, “Go in and buy a drink or move on, that’s the law.” She said plaintiff replied, “No, that’s not the law,” and then showed his identification to the doorman.
Plaintiff and Ms. Cross then walked away. As they did, the doorman said, “I have some police friends,” and went inside the club. The doorman apparently called police. Plaintiff testified at the hearing that he had “words” with the doorman, but would not characterize it as an “altercation.” He had earlier answered “yes” when asked by a Police Department Internal Affairs Division investigator if he had an “altercation” with the doorman.
Shortly after walking away from the club, in the next block of Bourbon Street, three uniformed New Orleans Police Officers approached the couple and one, a sergeant, asked plaintiff if he was a police officer. Plaintiff replied in the affirmative and the officer asked to see his badge. Plaintiff opened his identification folder and exhibited it to the officer who then “grabbed” at it. When the officer did this, plaintiff jerked his identification folder back and asked the officer who he was. Plaintiff and Ms. Cross testified the officer did not have a name tag on his uniform. The officer then ordered plaintiff to surrender his identification. Plaintiff said he wanted to know the officer’s name and the officer ignored him. The officer again demanded that plaintiff surrender his identification and plaintiff complied.
Plaintiff and Ms. Cross were then escorted to the Vieux Carre District police station. There, plaintiff was ordered by Capt. Raymond Burkhart to submit a urine sample for urinalysis testing, or take a breath or alcohol test. Plaintiff conferred by telephone with his union representative and refused to submit a urine sample or take any tests. Capt. Burkhart testified that plaintiff was intoxicated. He said he could smell alcohol on his breath and his speech was slurred. Plaintiff and Ms. Cross denied he was intoxicated. Another officer present, Lt. Luis Murillo, testified that he did not smell alcohol on plaintiff’s breath and that plaintiff did not appear intoxicated. Capt. Burkhart ordered plaintiff to turn over his firearm and plaintiff complied. Subsequently, plaintiff and Ms. Cross left the station.
Plaintiff was disciplined for violation of Police Department Rule 3.7 which the Commission quoted, in part, as providing:
Members while off-duty, shall refrain from consuming intoxicating beverages to the extent that it results in impairment, intoxication, or obnoxious or offensive behavior which would discredit them or the Department....
In a disciplinary action against a city civil service employee with permanent status, the burden of proof on appeal to the appropriate commission, as to the facts, shall be on the appointing authority. La. *883 Const, art. X, § 8(A); See also La. Const, art. VII § 12. The appointing authority has the burden of proving the misconduct by a preponderance of the evidence. Cittadino v. Department of Police, 558 So.2d 1811 (La.App. 4th Cir.1990). On review by an appellate court, factual findings of the appropriate commission will not be disturbed unless they are clearly erroneous. Hall v. Department of Police, 571 So.2d 178 (La.App. 4th Cir.1990). An appellate court should not modify any disciplinary action unless it is arbitrary, capricious or an abuse of discretion. Walters v. Department of Police of New Orleans, 454 So.2d 106 (La.1984); Hall v. Department of Police, supra.
The Commission found that plaintiff did not act unreasonably in initially refusing to surrender his identification to a police officer who refused to identify himself to plaintiff. That finding is not at issue in this appeal. The Commission further found, however, that plaintiff had an “altercation” with the doorman which “resulted from his intoxication, thereby placing him in violation of Department Rules and Procedures.... ” It was not simply his intoxication, but specifically, his intoxication in combination with the alleged altercation that constituted the violation of Rule 3.7. The Commission apparently found that because plaintiff was involved in an “altercation” as a direct result of his intoxication, his intoxication was of such a nature that would discredit him or the Department, and thus, a violation of Rule 3.7. Simple intoxication alone, without it being of such a nature which would discredit the officer or the Department, is not enough to constitute a violation of the rule.
Without addressing the finding by the Commission that plaintiff was intoxicated, we find the dispositive issues are whether plaintiff engaged in an altercation with the doorman, and if so, whether his alleged intoxication was a cause of such altercation. “Altercation” is defined by Webster’s II, New Riverside University Dictionary as: “A vehement quarrel." Only plaintiff and Ms. Cross testified concerning this incident. Based on their testimony, the doorman issued the couple an ultimatum to come in the club or move on, citing “the law.” Plaintiff simply informed the doorman that this was not the law, and exhibited his identification to show that he was a police officer, the inference being that, as a police officer, he knew what the law was. What transpired between the two men could not in any way be characterized as a “vehement quarrel.” In addition, there is nothing to indicate that plaintiffs alleged intoxication was a factor in the incident.
The evidence fails to furnish a factual basis for a finding that plaintiff engaged in an “altercation” with the club doorman, much less that the incident was the result of his alleged intoxication. The finding by the Commission that plaintiff engaged in an altercation with the doorman was manifestly erroneous. Therefore, the Commission erred in disciplining plaintiff for this alleged violation.
For the foregoing reasons, we reverse the judgment of the City Civil Service Commission for the City of New Orleans.
REVERSED.