h JONES, Judge.
Plaintiff/appellant, Ralph Caesar, appeals the ruling of the Civil Service Commission in which the Commission upheld his three-day suspension issued by the appointing authority “regarding Instruction From Authoritative Source, Neglect of Duty, Professionalism, and Truthfulness.” Although the Commission found no evidence of untruthfulness, nor neglect of duty, it maintained the penalty based on a finding of insubordination alone. After reviewing the record, we affirm the finding of insubordination, but remand this case to the appointing authority because we find that the penalty imposed is excessive.
Ralph Caesar is a member of the New Orleans Police Department with the rank of Officer IV. On July 11, 1997 Officer Caesar and his partner were on a twelve-hour work duty. They notified the police dispatcher that they were temporarily unavailable for service because they were refueling their vehicle. During this period, the dispatcher received two priority calls. Officer Caesar’s superior, Lieutenant Fricke, told the dispatcher at 2:41 p.m. to have Officer Caesar handle one of the priority calls. Ten minutes later, Officer Caesar acknowledged lathe dispatch, but was ordered, by Lt. Fricke, to immediately return to the station after answering the priority call.
When Officer Caesar returned to the station at 3:15 p.m., Lt. Fricke ordered him to acknowledge receipt of a DM-3 for failure to respond when called on the radio. Before he would sign the form, Officer Caesar asked to speak to his captain, Louis Dabdoub, about the matter. Lt. Fricke refused this request and immediately issued a DM-1 on Officer Caesar, which led to a disciplinary investigation of the matter, including the level to which his action impaired the efficient operation of the Police Department.
Officer Caesar faced charges “regarding Instructions From an Authoritative Source, Neglect of Duty, Professionalism, and Truthfulness.” The Appointing Au *805 thority found him in violation of all the charges and penalized him with a three-day suspension. Officer Caesar appealed the suspension to the Civil Service Commission.
Although the Commission dismissed the charges, finding that there was no evidence to sustain them and “no violation of the rules in [Officer Caesar’s] handling of the radio call,” it determined that his refusal to sign the DM-3 constituted “insubordination of a sort” and upheld the suspension. Officer Caesar now appeals that decision.
| ¡¡ARBITRARY ACTION BY THE COMMISSION
Officer Caesar argues that the Commission acted arbitrarily, capriciously, and contrary to the law and to the facts in upholding his suspension after it determined that he was not non-responsive as alleged in the original charge.
The New Orleans Police Department (NOPD) argues on the other hand that the Commission has a duty to decide independently from the facts presented whether the appointing authority has good cause for taking such action. The Commission must also determine whether the actions complained of bear a real and substantial relationship to the efficient operation of public service. The NOPD further argues that Officer Caesar’s failure to follow orders impairs the efficient operation of the police department.
An -employee with permanent status in the classified civil service cannot be subject to disciplinary action by his employer except for cause expressed in writing. LSA-Const. Art. X, sect. 8(A); Department of Public Safety and Corrections, et al. v. Mensman, 95-1950 (La.4/8/96) 671 So.2d 319, 321 (citing Walters v. Department of Police, 454 So.2d. 106, 113 (La. 1984)). Legal cause exists whenever the employee’s conduct impairs the efficiency of the public service in which the employee is engaged. Saacks v. City of New Orleans, 95-2074 (La.App. 4 Cir. 11/27/96) 687 So.2d 432 (citing Cittadino v. Department of Police, 558 So.2d 1311, 1315 (La.App. 4 Cir. 1990)). The appointing authority must prove this causation by a preponderance' of the evidence. George v. Department of Fire, 93-2421 (La.App. 4 Cir. 5/17/94) 637 So.2d 1097, 1101 (citing Cittadino, 558 So.2d at 1315).
In evaluating the Commission’s determination as to whether the disciplinary action is based on legal cause and commensurate with the infraction, the reviewing |4court should not modify the Commission’s order unless it is arbitrary, capricious, or characterized by abuse of discretion. Dept. of Public Safety, 671 So.2d at 321 (citing Walters, 454 So.2d at 114); see also Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). “Arbitrary or capricious” means the absence of rational basis for the action. Macelli v. New Orleans Police Department, 98-1441 (La.App. 4 Cir. 10/21/98) 720 So.2d 754, 756 - 757 (citing Shields v. City of Shreveport, 579 So.2d 961 (La.1991)).
After reviewing the record, we find that the Commission’s decision to affirm the suspension even though it could find no support for the allegations of neglect of duty or truthfulness was arbitrary and capricious. The record in this case reveals that Captain Dabdoub, Officer Caesar’s superior, admitted that absent a finding of neglect of truthfulness which requires a minimum three day suspension, Officer Caesar would have received a letter of reprimand and stern counseling for his insubordination.
We recognize that this Court has held that refusing to follow a direct order from a superior impairs the efficient operation of the police department and that such conduct warrants suspension in some situations. Hall v. Department of Police, 571 So.2d 178 (La.App. 4 Cir.1990); Gerhold v. New Orleans Police Department, 503 So.2d 206 (La.App. 4 Cir.1987). In *806 Hall, the officer was ordered not to enter the crime scene. The officer claimed not to have heard the order. The Commission found that he was not truthful and that his disobedience potentially disrupted a crime scene. Both of these infractions taken together justified the five-day suspension with which he was fined. In Gerhold, the officer ingested alcohol while on duty and acted “outrageously with regard to two law enforcement agencies”. He then refused a direct order to take an intoximeter test.
| ¡jOfficer Caesar’s failure to answer the priority call and his refusal to sign the DM-3 form does not rise to the level of egregious conduct present in Hall and Gerhold. Therefore, we remand to the appointing authority to find a penalty more fitting Officer Caesar’s relatively minor insubordination.
DECREE
We affirm the Commission’s finding of insubordination. However, we reverse the three-day suspension, and remand to the Appointing Authority for further proceedings. All costs are assessed to the appointing authority.
REVERSED IN PART; AFFIRMED IN PART AND REMANDED