WATKINS, Judge.
This is an appeal brought by Mrs. Mae Dell Butler from a judgment of the State Civil Service Commission denying the appeal of Mrs. Butler from a termination of employment through a letter dated August 26, 1980, dismissing her from her position with the Office of Family Security, Department of Health and Human Resources, for misuse of agency working hours and falsification of attendance and payroll records. We affirm the action of the Civil Service Commission.
The letter of dismissal is self-explanatory:
“On November 1, 1979, you were dismissed from employment with the Office of Family Security for cause in accordance with the authority contained in Civil Service Rule 12.3. You filed an appeal to the Civil Service Commission and on August 4,1980, an opinion was issued directing that you be reinstated to your position, effective on November 1,1979. The directive of the Commission is being carried out; therefore, you are reinstated as instructed, and will be paid from that date. A check in the amount due you in accordance with the order of the Commission and its rules will be mailed to you when the date of your receipt of this letter is determined.
“In addition, you are hereby further notified that pursuant to the authority contained in Civil Service Rule 12.3, you are separated from your position as Eligibility Worker II with the Jackson Parish *1001 Office of Family Security effective at the close of business September 2, 1980, or upon receipt of this letter, whichever comes first.
“You are being separated because of the following specific offenses which are documented in the attached investigator’s report which is made a part of this letter.[1]
“1. Misuse of agency working hours and falsification of attendance and payroll records. On August 8, 1979, you signed in agency records that you were on duty from 8 a.m. to 4:30 p.m. in the field and were paid accordingly. On that date during the hours in question you were observed at locations where you were not authorized to conduct agency business. These locations were your residence, the Jonesboro-Hodge High School, and the Jackson Parish Co-op. You were observed at your residence from approximately 8 a.m. until approximately 9:40 a.m., from approximately 12:24 p.m. until approximately 2:15 p.m. and from approximately 3:13 p.m. until approximately 4:30 p.m. In the interim during the hours from approximately 2:15 p.m. until approximately 3:10 p.m., on this same day you were observed at the Jonesboro-Hodge High School and at the Jackson Parish Co-op. These facts are documented, with more specificity, on pages 1 and 2 of the investigator’s report which includes a copy of the sign-in sheet for that date.
“2. Misuse of agency working hours. On August 15, 1979, you signed in agency records that you were on duty from 8 a.m. to 4:30 p.m. in the field. On that date during the hours in question you were observed at locations where you were not authorized to conduct agency business. These locations were the Jackson Parish Co-op, a private non-client residence on Minter Street, and your residence. You were observed at the Jackson Parish Co-op at approximately 8:03 a.m. on this date and again at approximately 8:53 a.m., after having stopped at a private residence on Minter Street. This home on Minter Street has been determined to be the residence of your mother. You went back to your home at approximately 9:03 a.m. You were later observed entering your residence at approximately 11:58 a.m. and had not emerged at approximately 4:06 p.m. These facts are documented on pages 2 and 3 of the attached report which includes a copy of the sign-in sheet for that day.
“3. Misuse of agency working hours. On September 12, 1979, you signed in agency records that you were on duty from 8 a.m. to 4:30 p.m. On that date during the hours in question you were observed at locations where you were not authorized to conduct agency business. These locations were your residence, the Jackson Parish Co-op and the Quincy L. Rogers’ residence. You were observed at your residence from approximately 12:10 p.m. until approximately 1:15 p.m. and from approximately 3:23 p.m. until 4:05 p.m. You were also observed at the Co-op at approximately 1:19 p.m. You were also at the Quincy L. Rogers residence at 1101 Van Burén Drive from approximately 1:52 p.m. until approximately 1:58 p.m. and from approximately 2:13 p.m. to 3:18 p.m.
“4. A copy of the Investigative Report further detailing your activities on three (3) days in question is attached and is made a part of this letter. The documentation concerning the misuse of agency time is taken from the investigative report. The entire report is a documentation of your activities on the days in question.
The above instances of misuse of agency time and falsification of agency records as well as other instances listed and not listed in the investigative report demonstrates a dishonest and irresponsible attitude toward job responsibility and agen *1002 cy duty time which will not be tolerated. Therefore, in the best interest of the State of Louisiana, Office of Family Security, and the clients we serve, you are being separated from your position with the Office of Family Security.
“You may appeal this action to the Civil Service Commission within thirty (30) days in accordance with Civil Service Rule 12.3. The appeal must conform to the provisions of Chapter 13 of the Civil Service Rules.”
Mrs. Butler contends that her dismissal was improper because (1) an earlier dismissal for the same alleged offenses had been set aside by the Civil Service Commission and her reinstatement ordered and (2) her dismissal was unjustified by the facts.
First, we note that the ruling of the Civil Service Commission setting aside the prior dismissal of Mrs. Butler was founded upon procedural, not substantive, grounds, i.e., that the first letter of dismissal was not sufficiently explicit as to the times and places of the alleged misuse of state time. If an order of the Civil Service Commission sets aside a disciplinary action of the employee as not being in accordance with the procedural rules of the Commission, the state agency that is the employer may use the same alleged misconduct of the employee as the basis for further disciplinary action taken in strict accordance with Commission rules. Louviere v. Pontchartrain Levee District, 199 So.2d 392 (La.App. 1st Cir.1967). As was aptly stated by Civil Service Commissioner A.J. Capritto commenting upon the contention of counsel for Mrs. Butler that Mrs. Butler was being subjected to disciplinary procedure a second time for the same alleged offense, the record reveals that the earlier ruling of the Commission was based on procedural grounds, the failure of the letter of dismissal to be sufficiently explicit as to Mrs. Butler’s alleged misconduct, and hence the pri- or ruling setting aside her removal was similar to a judgment as of nonsuit, to which an application of res judicata would be inappropriate, no determination having been made on the merits of the prior Commission ruling.
We, therefore, hold that the second dismissal proceeding did not run counter to the prior ruling of the Commission setting aside the first dismissal, because the prior ruling of the Commission was made solely on procedural grounds, and did not touch upon the merits of the matter.
As to the merits, the transcript of the hearing before the Civil Service Commission on the second termination reveals that the charges in the letter of termination were based upon and fully supported by an investigation made by George Allspach, investigator for the Office of Family Security, DHHR, who had Mrs. Butler’s actions on the dates of alleged misuse of agency hours under surveillance. Indeed, Mrs. Butler fully admitted the charges, and urged as her sole factual defense the fact that she visited the Van Burén Drive address on state business. She admitted the visits to the other addresses were not on state business, and, although called as a witness and given ample opportunity to testify, gave no explanation of why she visited the other addresses while on state time.
Mrs. Butler contends her conduct harmed no one. This is a misstatement. She flagrantly abused her position and received the taxpayer’s money for misuse of the hours during which she was supposed to be working. The action of the Civil Service Commission refusing to set aside her dismissal is fully justified.
Accordingly, the action of the State Civil Service Commission is affirmed, at appellant’s cost.
AFFIRMED.

. Investigator’s report omitted. (Footnote ours)