WATKINS, Judge.
Richard P. Spell was terminated from his position as Forest Resource Specialist II when he was found by his superior, Gary Warring, not to have been in the forestry tower during duty hours. Spell appealed the termination to the State Civil Service Commission, which affirmed the termination after a hearing before a referee, who recommended termination in a written opinion.' Spell has appealed to this court. We affirm the termination.
There is no real dispute as to the facts. Spell was required to be on duty in a watchtower at an hour when his superior, Gary Warring, found Spell in a cabin at the base of the tower, with his television set on, reading a book. Part of the area the tower was required to observe was a high fire risk area. Also, Spell did not have an inspection sticker on a state vehicle provided for him and the tail light on this vehicle *1010 was broken, when Spell as a part of his duties was required to obtain an inspection sticker and to keep the vehicle in good repair. Spell had had an unsatisfactory work performance rating since February 1981, and had been suspended from his work on three prior occasions for failing to perform his duties.
Spell’s basic contention before us is that he was the object of discriminatory treatment, as other Office of Forestry employees had not been disciplined for offenses as severe.
The referee, in his written opinion, found that the alleged instances of discrimination were not set forth with particularity in Spell’s letter of appeal to the State Civil Service Commission, as the times and dates of the prior instances of discrimination were not set forth with specificity. We have read the letter of appeal, and note that in certain instances the prior instances of discrimination are set forth with the requisite specificity as to the times, dates, persons, and conduct.
The referee refused to admit testimony of the alleged prior instances of discimination in all but a few cases of alleged prior misconduct of other forestry officials, finding that the conduct was not set forth with sufficient specificity for the state to prepare its position. However, as we have stated, in certain cases, the alleged prior instances of misconduct are set forth with sufficient precision.
We base our conclusion that evidence relating to Spell’s charge of discrimination was properly excluded on a different basis. Although Spell’s letter of appeal to the State Civil Service Commission does not say so, the obvious inference is that the prior cases of misconduct within the Office of Forestry went completely unpunished because of favoritism within that Office.
Civil Service Rule 1:14.1 defines discrimination as follows: “ ‘Discrimination’ means consideration of religious or political beliefs, sex, race, or any other non-merit factors.” Rules 14.1(a) and (1) read as follows:
(a) No person shall be appointed or promoted to, or demoted, or dismissed from any position in the Classified Service, or in any way favored or discriminated against with respect to employment in the Classified Service, because of his or her political or religious opinions or affiliations, race, sex, or membership or non-membership in any private organization.
(1) Discrimination as defined in Rule 1.14.1 is prohibited.
The purpose of the rules against discrimination is obviously to prevent the hiring, demotion, or dismissal of a civil service employee for non-merit reasons.
However, may an employee who breaks the rules be disciplined when other employees who also break the rules are not disciplined, or is the selecting of one employee for disciplinary action a prohibited discriminatory act?
The disciplining of an employee who breaks the rules is obviously based at least in part, upon the fact that that employee broke the rules, which is clearly a merit factor. The only non-merit factor is that other employees who broke the rules do not meet with similar disciplinary action. But it is no defense to a crime to say that others have broken the rules and are not prosecuted. Similarily, although an employee can legitimately complain that other employees were dealt with more leniently, though disciplined (see McIntosh v. Monroe Municipal Fire and Police Civil Service Board, 389 So.2d 410 (La.App. 2d Cir.1980)), an employee who is guilty cannot contend as a defense that other employees equally guilty received no disciplinary action.[1] The evidence of alleged prior misconduct on the part of other Office of Forestry employees was properly ruled inadmissible by the referee.
Spell did not in his brief favor us with a Specification of Errors. However, we have *1011 answered his contentions made in the argument portion of his brief. We find no abuse of the broad discretion given the State Civil Service Commission in their imposition of a penalty. LSA-R.S. 49:964 G(5).
The Opinion of the State Civil Service Commission is affirmed, at appellant’s cost.
AFFIRMED.

. We note that the Civil Service Rules do provide that "Any person may file with the Director or the Commission written charges of a violation by any person of the Articles or the Rules." Rule 16.1 et seq.