ItKLIEBERT, Judge.
Appellant, Jonathan C. Bolar, appeals the decision of the Jefferson Parish Personnel Board affirming his termination as Waterline Maintenance Superintendant One (a classified permanent position) by the Department of Water (Jefferson Parish), for public payroll fraud and unauthorized use of a parish vehicle. Bolar was terminated from his position on September 10,1993 and was officially notified of the reasons by letter dated September 13,1993 from Mr. Randy Schuler, the Director of the Department of Water. Mr. Bolar appealed his termination. A four day hearing was held before the Jefferson Parish Personnel Board (January 6, March 8, March 15, and July 26,1994) before Ross P. Ladart, Hearing Examiner. Counsel for both parties filed post hearing briefs. On January 30, 1995, the Personnel Board ruled, upholding Mr. Bolar’s termination from employment. Thereafter, Mr. Bolar perfected this appeal to this Court in accordance with La. Const. (1974) Art. 10, § 12.
By numerous assignments of error, Mr. Bolar presents these issues for review:
1). The Parish had insufficient evidence to find that Mr. Bolar violated a Parish policy regarding prohibited use of a parish vehicle;
|22). The Parish applied the wrong burden of proof (preponderance of the evidence rather than beyond a reasonable doubt);
3). The Parish failed to show legal cause for Mr. Bolar’s termination;
4). The Parish is estopped from disciplining Mr. Bolar for conduct it tolerated in the past;
5). The Parish acted arbitrarily and capriciously in punishing Mr. Bolar by termination instead of a lesser sanction such as suspension.
After thorough review of the record and law, we affirm the findings of the Board.
The Board’s findings regarding Mr. Bolar’s alleged violations of the Parish’s vehicle policy[1] and commissions of payroll fraud are outlined below:

STATEMENT OF THE CASE

Appellant, a permanent status employee formerly occupying the position of Superintendent I was terminated effective September 10,1993. ■ The basis for this appellant’s termination was that he was allegedly conducting personal business while on Parish time and while using a Parish vehicle. The appointing authority further urges that this appellant’s use of a Parish ■vehicle to accomplish his personal business while on Parish time did constitute public payroll fraud in that the alleged activities and use of Parish vehicle occurred during regularly scheduled working hours for which the appellant received compensation from Jefferson Parish. The appointing authority also alleges that the appellant’s actions constitute a misuse of Jefferson Parish equipment i.e. the vehicle assigned to him during working hours.
The appellant through his counsel generally denies all of the allegations brought against him.
A hearing on the merits of this appeal was assigned to and heard by the Board’s Hearing Examiner on January 6, 1994, March 8, 1994, March 15, 1994, and, July 26, 1994. Each of these days of trial occurred at the Joseph S. Yenni Building, Room 206,1221 Elmwood Park Boulevard, Harahan, Louisiana.

FINDINGS, CONCLUSION AND ORDER

After reviewing the entire transcript, along with the exhibits attached thereto it *878 is the conclusion of this Board that the appointing authority established by a preponderance of evidence that it was justified in terminating this appellant from his position with the Department.
In electing to terminate the appellant from his position of Superintendent I, the appointing authority | purges that the following examples of the appellant’s conduct which occurred between March 12, 1993 through July 6, 1993 are illustrative of actions which “constitute public payroll fraud” and/or “constitute misuse of Jefferson Parish equipment” in that the appellant on each of these occasions was conducting his own personal business during regularly scheduled working hours for which he was compensated by the Parish.
1. Between April 23, 1993 to July 16, 1993, the appellant did on nine separate occasions transport a co-employee in a Parish vehicle from 3600 Jefferson Highway to the FNJ Bank located at Mounes and Elmwood Park Boulevard;
2. The appellant allegedly meet [sic] with a former co-employee at the co-employee’s home on or about March 12, 1993 during appellant’s working hours for the purpose of conducting personal business and while using a Parish vehicle;
3. The appellant allegedly met during his regularly scheduled working hours and while in a Parish vehicle with another former co-employee at the corner of Causeway Boulevard and Jefferson Highway presumably for the purpose of personal business;
4. The appellant on yet another occasion (May 21, 1993) during his working hours met with yet another co-employee at the FNJ Bank located at Mounes and Elmwood Parish presum- ■ ably for personal business.
The evidence clearly established that the appointing authority has proved most if not all of the instances outlined above. It is equally clear from the evidence that most of the occasions in which the appellant used his Parish vehicle involved either the transportation of employees to a local bank to cash their payroll cheek and/or on one occasion a visit made by the appellant to an employee at his home to collect funds. On those occasions in which the appellant used his Parish vehicle to transport employees to a local bank to cash their checks, it appears that he was also being reimbursed by those fellow employees for loans that he has previously made to them. All of these transactions were certainly not the business of Jefferson Parish nor of the appointing authority but the personal business of the appellant.
The evidence further established that the rules and/or regulations governing the employees of not only Jefferson Parish but of the Jefferson Parish Water Department clearly prohibit an employee from using a Parish owned vehicle for personal business, in fact, “willful use of Parish vehicles for private use and after working hours” is prohibited.
The appellant argues that the prior director of his department has apparently “excused” this appellant from abiding by the Parish/Department’s rules and regulations regarding the use of Parish owned vehicles in that he was allowed to use his assigned Parish vehicle to attend classes at a local university as well as run various errands for other employees regarding personal business. The appellant also argues that the current head of his ^department has requested of him on two different occasions to attend to personal matters for the benefit of his current department head. And, that somehow this present director’s requests combined with the alleged discretion exercised by the former department head, allowed this appellant the privilege of using his assigned vehicle as he had in the past without fear of discipline nor should he somehow be subjected to the Parish’s regulations and/or Department regulations regarding the prohibition of using Parish owned vehicles for private and personal reasons.
The issue, then, is whether or not he can be disciplined for the conduct complained of herein assuming that his former director and/or present director either allowed him to use the assigned vehicle for personal use *879 and/or failed to discipline him in the past for same. We resolve this issue in favor of the appointing authority.
Even if we assume the appellant’s former director deliberately acquiesced the violation of the Department’s rules by permitting this appellant to use his assigned Parish vehicle for personal benefit, the instant conduct is clearly improper and serves as a legitimate basis for disciplinary action. Consequently, the appointing authority is in no way prevented from pursuing this disciplinary action. And, the fact that this appellant’s immediate supervisor may have acquiesced in the conduct complained of, that acquiescence does not prevent the appointing authority from taking the disciplinary action that it did.
The appellant challenges the action of the appointing authority in this ease arguing that it is [sic] failed to meet its burden of establishing that the alleged misconduct somehow impaired the efficiency of the public service and bore a real and substantial relationship to the efficient operation of the public service in which the employee was engaged. This Board finds that the use of the Parish vehicle for personal reasons clearly impacts adversely on the public service. Observing a Parish vehicle in the parking lot of a commercial establishment during working hours by member of the tax paying public adversely impacts the Parish. As to whether or not the action is detrimental to the public service is within the discretion of the appointing authority. We concur in this appointing authority’s determination.
Finally, the appellant contends that the action taken against him i.e. termination is inappropriate in as much as it is not justified by the grounds for his dismissal. We find that there may be some merit to this argument had there only been one or two instances wherein this appellant had misused his Parish assigned vehicle. However, in this proceeding we find that the appellant’s actions established a pattern of conduct over an extended period of time. Under these circumstances, this Board does not feel that the appointing authority abused its discretion in termination of this appellant. In conclusion, this Board finds that the appointing authority was justified in imposing the subject discipline. Accordingly, the appeal filed on behalf of the appellant is hereby dismissed.
The burden of proof is on the appointing authority to show by a preponderance of the evidence that the employee’s conduct | gimpaired the efficient and orderly operation of public service. If this standard is met and if it is shown that the said conduct bears a real and substantial relationship to the efficient operation of public services, then there is legal cause for disciplinary action. Cha-Jua v. Dept. of Fire, 577 So.2d 382 (La.App. 4 Cir.1991); Howard v. HANO, 457 So.2d 834 (La.App. 1 Cir.1984); Murray v. Dept. of Revenue and Taxation, 504 So.2d 561 (La. App. 1 Cir.1986). Therefore, we disagree with appellant’s claim that the Board applied the wrong burden of proof.
Regarding the sufficiency of the evidence, Mr. Bolar himself admitted that he used the Parish vehicle assigned to him to transport several different employees on the occasions outlined above to the bank to cash their paychecks on Friday paydays, and that at that time several of them reimbursed him for money he lent them. Bolar claimed that his superiors knew he did this and that these practices were condoned and practiced by his superiors. Regarding meeting an employee at his house (finding #2 by the Board), Bolar denied this, yet the employee in question corroborated the charge. Bolar’s immediate supervisor, Roosevelt White, testified that Bolar’s activity with the Parish truck was not authorized and would not have been approved by him had Bolar asked. The workers whom Bolar allegedly transported to the bank during Bolar’s working hours all testified corroborating the Parish’s charges against Bolar.
The appellate court’s standard of review of the Personnel Board’s determination is multifaceted; when reviewing the Board’s findings of fact, the appellate court must apply the manifest error standard. However, when judging the Board’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with *880 the infraction, the court should not modify the Board’s order unless it is arbitrary, capricious, or characterized by abuse of discretion. Cha-Jua, supra. The Court will not disturb findings of fact when they are based upon the Board’s assessment of witness credibility and conflicting testimony. Hall v. Dept. of Police, 571 So.2d 178 |6(La.App. 4 Cir.1990); Barquet v. Dept. of Welfare, 620 So.2d 501 (La.App. 4 Cir.1993).
After reviewing the testimony of the witnesses, noting the department rules and pertinent case law, we agree with the Personnel Board’s factual finding that Mr. Bolar did use his Parish vehicle in an expressly unauthorized manner, and that he did engage in personal activities during the time he was on the Department of Water’s clock, constituting payroll fraud.
Mr. Bolar argues on appeal that such practices were widely done and unofficially condoned, and that therefore the Parish should be somehow estopped from disciplining him. However, there is no evidence in the record that these practices for which Mr. Bolar was disciplined were indeed widespread or condoned by the Department. Additionally, past condonation of a policy or rule violation will not prevent subsequent discipline for repeated violations. Sanders v. DHHR, 394 So.2d 629 (La.App. 1 Cir.1980). The fact that a classified employee with permanent status in state civil service has not been disciplined for past violations of a policy does not estop the appointing authority from disciplining him for an infraction of that policy, nor is the appointing authority required to put the employee on notice that henceforth the infraction will not be tolerated before taking disciplinary action. Goree v. Dept. of Corrections, Wade Correctional Center, 468 So.2d 829 (La.App. 1 Cir.1985). See also Spell v. Dept. of Natural Resources, Office of Forestry, 504 So.2d 1009 (La.App. 1 Cir. 1987).
Appellant also contends that no legal cause existed for his termination because there was no real and substantial relationship between his transgressions and the efficient operation of the Department of Water: no toilets ceased flushing, no showers stopped showering, no water stopped flowing. We reject such an interpretation of the law.
The harm to the Department’s efficient operation lies in the very fact that the employee is absent from the job during the hours for which he is being paid to work by the taxpayer. Venezia v. Department of Inspections and Code Enforcement, 433 So.2d 788 (La.App. 5 Cir.1983); Butler v. DHHR, Office of Family Security, 432 So.2d 1000 (La.App. 1 Cir.1983); McGee v. Sewerage and Water Board of New Orleans, 396 So.2d 430 (La.App. 4 Cir.1981).
Finally, Mr. Bolar argues that the Board was arbitrary and capricious in terminating him rather than using a lesser sanction. The Board justified its action by noting not merely one or two infractions but a pattern of behavior occurring over a period of several months. After reviewing the record, and especially the discrepancies between appellant’s testimony and that of his subordinates and superiors, we do not believe the Board abused its discretion in its choice of sanctions. Courts of Appeal are not free to alter the Board’s choice of punishment unless it is shown that the Board abused its discretion or acted arbitrarily and capriciously. Shields v. City of Shreveport, 565- So.2d 473 (La.App. 2 Cir.1990) (on rehearing); Howard v. HANO, supra.
Accordingly, the Order of the Jefferson Parish Personnel Board is affirmed. All costs of this appeal are taxed to appellant.

AFFIRMED.

. Jefferson Parish Department of Water Rules
12. The following conduct is prohibited: n) Willful use of Parish vehicles for private use during and after working hours;