STEWART, J.
| iPlaintiff/Appellant, Ouachita Parish Police Jury (“police jury”), is appealing a judgment granted in favor of Defendant/Appellee, Stephen T. Odom (“Odom”). For the reasons discussed below, we affirm.
FACTS
In September of 2009, the executive board of the Local 1694 of the International Association of Firefighters discovered that its president, Captain Steve Odom, had made unauthorized debit card purchases and ATM withdrawals from the association’s bank account, dating back to early 2006. These unauthorized debit card purchases and ATM withdrawals went unnoticed because the association had opted to receive online bank statements, and the association’s secretary/treasurer, Tina Carlisle, failed to monitor the statements monthly. Carlisle did not notice these unauthorized transactions until September 2009, when she reviewed the online bank statements in order to prepare for an upcoming audit.
The executive board notified Chief Pat Hemphill, the Fire Chief of the Ouachita Parish Fire Department, of their discovery of these unauthorized purchases. Hemp-hill advised the executive board to conduct an internal investigation. This investigation resulted in the executive board finding that more than $10,289.95 of Odom’s expenditures and withdrawals were not business related. Odom failed to present receipts for the majority of the purchases to prove their purpose. He resigned from his position as the association president, but not from employment with the Ouachi-ta Parish Fire Department.
|2On November 2-3, 2009, the executive board presented its internal investigation findings to the association’s members. The members elected to forgo criminal charges and to provide Odom with the opportunity to make restitution. On November 9, 2009, Odom repaid the association $10,289.95.
On November 13, 2009, Chief Hemphill received a letter from the executive board, informing him of the board’s internal investigation, as well as how the matter was resolved. After reviewing the letter, Chief Hemphill decided that the fire department also needed to conduct an investigation.
On November 16, 2009, Chief Hemphill gave Odom written notice of the investigation and placed him on administrative leave with pay. Chief Hemphill also ordered Odom to appear for interrogation at a pre-disciplinary hearing on December 1, 2009.
On December 1, 2009, Odom and his attorney appeared at the pre-disciplinary *990 hearing. At the hearing, Odom signed an acknowledgment of his rights and answered Chief Hemphill’s questions.
After the hearing, Chief Hemphill determined that Odom’s conduct warranted termination pursuant to La. R.S. 33:2560, and submitted his findings and recommendation to the police jury.
On December 3, 2009, the police jury notified Odom that Chief Hemphill’s recommendation would be addressed at the public police jury meeting, which would take place on December 7, 2009. At this meeting, the police jury voted to discuss Chief Hemphill’s recommendation in an executive session, which Odom had the option to attend. Odom was present Rat the executive session, and he answered questions asked by the police jury. The police jury then deliberated briefly and returned to the public police jury meeting. The police jury decided to uphold Chief Hemphill’s recommendation to terminate Odom’s employment with the Ouachita Parish Fire Department.
Odom appealed his termination to the Ouachita Parish Fire Protection District No. 1 Civil Service Board (“civil service board”). The civil service board determined that even though Chief Hemphill acted in good faith and had just cause for terminating Odom, Odom’s appearance at the police jury’s executive session violated La. R.S. 33:2181(B)(4), which requires that any interrogation of a firefighter be recorded. As a result, the civil service board overturned Odom’s termination.
The police jury and Odom appealed the civil service board’s decision to district court. The district court agreed with the civil service board’s determination that Odom’s uni'ecorded appearance at the police jury’s executive session violated La. R.S. 33:2181(B)(4). Further, the district court affirmed the civil service board’s decision to reinstate Odom’s employment pursuant to La. R.S. 33:2181(C). The district court did not address the arguments raised in Odom’s appeal.
The police jury has filed this instant appeal.
STANDARD OF REVIEW
An employee under classified service may appeal from any decision of the civil service board that is prejudicial to him. La. R.S. 33:2501(E)(1). Such an appeal shall be taken to the district court wherein the civil service |4board is domiciled. Id. The hearing “shall be confined to the determination of whether the decision made by the board was made in good faith for cause” and “[n]o appeal shall be taken except upon these grounds.” La. R.S. 33:2501(E)(3).
If made in good faith and for statutory cause, a decision of the civil service board cannot be disturbed on judicial review. Lee v. City of West Monroe, 39,611 (La.App. 2 Cir. 5/11/05), 902 So.2d 1202; McDonald v. City of Shreveport, 26,877 (La.App. 2 Cir. 5/10/95), 655 So.2d 588. Good faith does not occur if the appointing authority acts arbitrarily or capriciously, or as a result of prejudice or political expediency. Moore v. Ware, 2001-3341 (La.2/25/03), 839 So.2d 940. Arbitrary or capricious behavior means without a rational basis for the action taken. Id.
 The district court should accord deference to a civil service board’s factual conclusions and must not overturn them unless they are manifestly erroneous. Moore, supra. Likewise, the intermediate appellate court’s review of a civil service board’s findings of fact is limited. Id. Those findings are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of manifest error. Id.
*991 DISCUSSION
In the police jury’s first assignment of error, it asserts that the trial court erred in determining that Odom’s voluntary appearance and participation in its executive session constituted an “interrogation” that must be recorded under La. R.S. 33:2181. The police jury asserts in its second assignment of error that the trial court erred in failing to find that Odom |swaived the “recording requirement” of La. R.S. 33:2181 by allowing it to consider his matter in the executive session and voluntarily participating in that session. Since both of these assignments relate to Odom’s participation in the police jury’s December 7, 2009, executive session, we will discuss them together.
La. R.S. 33:2181 includes certain rights of fire employees. Under this statute, whenever a fire employee is under investigation, certain minimum standards shall apply. Bergeron v. Kenner, 10-229 (La.App. 5 Cir. 10/26/10), 51 So.3d 143. La. R.S. 33:2181 states in pertinent part:
(2) “Interrogation” includes but is not limited to any formal interview, inquiry, or questioning of any fire employee by the appointing authority or the appointing authority’s designee regarding misconduct, allegations of misconduct, or policy violation. An initial inquiry conducted by the fire employee’s immediate supervisors shall not be considered an interrogation.
B. Whenever a fire employee is under investigation, the following minimum standards shall apply:
(4) All interrogations of any fire employee in connection with the investigation shall be recorded in full.
C. No fire employee shall be disciplined, demoted, dismissed or be subject to any adverse action unless the investigation is conducted in accordance with this Subpart. Any discipline, demotion, dismissal or adverse action of any sort taken against a fire employee without complete compliance with the provisions of this Subpart is an absolute nullity.
When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search the legislative intent. La. C.C. art. 9; La. R.S. 1:4. After carefully reading this statute, we can easily ascertain the definition of “interrogation” as being clear and unambiguous.
1 fiDuring the December 7, 2009, executive session, Odom was questioned by the police jury. This action clearly falls within the definition of an “interrogation.” Further, during oral arguments that took place at this court, counsel for the police jury conceded that an interrogation took place during this executive session.
Since Odom’s interrogation during the police jury’s executive session was related to Odom’s disciplinary matter, it should have been recorded. The police jury did not act in good faith for cause due to its failure to record the executive session. Odom’s voluntary participation in the unrecorded executive session cannot be viewed as a waiver of the recording requirement pursuant to La. R.S. 33:2181.
The district court and the civil service board did not err in determining that the police jury’s failure to record the December 7, 2009, session was a violation of Odom’s rights pursuant to La. R.S. 33:2181. This statute was created to protect fire department employees in disciplinary proceedings, and the police jury failed to uphold his rights pursuant to this statute when it failed to record his interrogation during the executive session. Therefore, we affirm the district court’s *992 ruling upholding the civil service board’s decision.
Since the police jury did not comply with La. R.S. 33:2181, the disciplinary actions taken against Odom are absolutely null and deemed to never have existed. However, after a careful review of La. R.S. 33:2181, et seq., also known as the Firefighters Bill of Rights, we fail to find any provision prohibiting the police jury from reinstituting an investigation of [7this matter. Additionally, since this case involves a civil matter, a new investigation regarding Odom’s conduct would not constitute double jeopardy. See Butler v. Department of Public Safety and Corrections, 609 So.2d 790 (La.1992); La. State Bd. of Medical Examiners v. Booth, 76 So.2d 15 (La.App. 1 Cir.1954). Chief Hemphill can initiate a second investigation regarding Odom’s actions.
Since we find that the police jury’s failure to record Odom’s interrogation during their December 7, 2009, executive session rendered the disciplinary actions taken against Odom absolutely null, and affirm the ruling of the district court, the remainder of the assignments of error are preter-mitted.
CONCLUSION
The district court’s ruling that upheld the civil service board’s decision is affirmed.
AFFIRMED.