JONATHAN FARRELLY

VERSUS

JEFFERSON PARISH EAST BANK
CONSOLIDATED FIRE DISTRICT; AND
JEFFERSON PARISH FIRE CIVIL SERVICE
BOARD

NO. 19-CA-216

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 775-643, DIVISION "H"
HONORABLE GLENN B. ANSARDI, JUDGE PRESIDING

December 04, 2019

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Hans J. Liljeberg

**REVERSED**
    **FHW**
    **JGG**
    **HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
JONATHAN FARRELLY
    Laura C. Rodrigue
    Blake J. Arcuri

COUNSEL FOR DEFENDANT/APPELLEE,
JEFFERSON PARISH EAST BANK CONSOLIDATED SPECIAL FIRE
PROTECTION DISTRICT
    Guice A. Giambrone, III
    Craig R. Watson
    Amanda Plaiscia

WICKER, J.

This case is before us on a Petition for Judicial Review by appellant, firefighter Jonathan Farrelly, of the January 14, 2019 Judgment of the district court affirming the Jefferson Parish Fire Civil Service Board's review of his disciplinary action taken by appellee, the Jefferson Parish East Bank Consolidated Special Fire Protection District. As we find appellee's investigation and interrogation of appellant did not sufficiently comport with the provisions of La. R.S. 33:2181, we find the discipline against appellant to be an absolute nullity. Accordingly, we reverse the decision of the district court affirming the ruling of the Fire Civil Service Board.

FACTS AND PROCEDURAL HISTORY

On March 19, 2017, firefighter Jonathan Farrelly was arrested by the Kenner Police Department on charges of theft and assault following a road rage incident which occurred on the shoulder of westbound Interstate 10 near the Veteran's exit. Farrelly was cut off by another driver, and went around and "cut him back off." He was reported to be slamming on his brakes in front of a vehicle, throwing a water bottle, and using profanities. Farrelly admitted to pulling over on the shoulder of the interstate, exiting his vehicle, and engaging in a physical altercation with another driver. He also stated that he threw the other driver's cell phone into a grassy area before he drove away.

The incident occurred around 8:00 P.M. when Farrelly was driving home after riding in the Irish Italian parade. Farrelly admitted to drinking from 8:00 A.M. to noon earlier that day. At the time of the incident, Farrelly was off duty and not in uniform. The license plate of his car identified him as a "Louisiana Professional Firefighter." The Kenner Police Department notified Fire Department Chief Caraway of the arrest. Joe Greco, the Director of Fire Services, assigned Assistant Fire Director Dave Saunders to confirm Farrelly's arrest.

When Farrelly reported to work on March 21, 2017, he reported the incident to his captain Billy Zeigler. Captain Frank Tournier took Farrelly to headquarters to meet with District Chief Carl Brondum and Assistant Fire Director Saunders. Farrelly disclosed the details of the incident to the two supervisors after he was told that they were aware of his arrest and asked him what had happened.

On March 23, 2017, Farrelly was sent a letter informing him that he was under investigation and scheduled for a pre-disciplinary hearing. Attached to the

1

letter was a copy of the "Firefighter Bill of Rights."[1]  At the hearing on May 18, 2017 before Director Greco, Farrelly was again provided with the Bill of Rights, and given an opportunity to provide an unsworn statement.[2]  Farrelly was notified on May 19, 2017 that he would be suspended for five 12-hour working days for violating the following standards: La. R.S. 33:2560(A)(3)[3], (4)[4], (5)[5], (14)[6], and (15)[7]; District Rules and Regulations Article X, § 2:26[8], 2:27[9], 3:02[10], and 3:05[11]; and District Rules and Regulations Article III § 2:00[12] and 3:00[13].  Farrelly appealed to the Fire Civil Service Board (FCSB) claiming that his original questioning on March 21, 2017 violated the Firefighter Bill of Rights and his actions did not affect the department's efficiency and operation.  A hearing before the FCSB, composed of three members, was held on August 8, 2017.  The FCSB denied his appeal finding no violation of the Firefighter Bill of Rights and that Farrelly's actions affected the department's operation because of the high standards to which members of the department are held.

Farrelly appealed the decision, petitioning the district court on September 11, 2017 for judicial review under La. R.S. 33:2561(E).  A hearing was held on June 20, 2018.  The district court dismissed the appeal in its judgment of January 14, 2019, upholding the ruling of the FCSB, finding good faith in their exercise of discretion affirming the suspension.

---

[1] The Firefighter Bill of Rights, set out in La. R.S. § 33:2181, requires the application of certain minimum standards "whenever a fire employee is under investigation."

[2] The predisciplinary hearing was recorded but a transcript was not included in the record nor provided to the Fire Civil Service Board for their review.

[3] La. R.S. § 33:2560: Corrective and disciplinary action for maintaining standards of service allows the appointing authority to take disciplinary actions for: (A)(3) The commission or commission of any act to the prejudice of the departmental service or contrary to the public interest or policy

[4] (4) Insubordination

[5] (5)Conduct of a discourteous or wantonly offensive nature toward the public . . .and any dishonest, disgraceful or immoral conduct

[6] (14) The willful violation of any provision of this Part or any rule, regulation or order adopted under its authority,

[7] (15) Any other act or failure to act which the board deems sufficient to show the offender to be an unsuitable or unfit person to be employed in the fire and police service.

[8] Article X, § 2:26 Violations by any employee of these rules of conduct and duty may be considered sufficient cause for disciplinary action

[9] §2:27 Personnel shall be governed by the ordinary and reasonable rules of good conduct and behavior and shall not commit, on or off duty, any act tending to bring reproach or discredit to the Department.  Profane or indecent language is strictly prohibited at all times.

[10] §3:02 Personnel shall serve the public by courteous direction, counsel and in other ways that do not interfere with the discharge of their official responsibilities.  They shall respect the rights of individuals, perform their services with honesty, zeal and courage and strive to win the respect of all law abiding citizens by the impartial discharge of their official duties.

[11] §3:05 Fire Department personnel shall not holler at, whistle to or harass any individual passing on the street or in any public place.

[12] Article III § 2:00 All employees are to be knowledgeable of the Fire Department Rules and Regulations.

[13] §3:00 As a condition of employment, all members shall be subject to disciplinary action from the Department for violation of the Fire Department Personnel Rules, Fire Civil Service Rules, the Fire Department Rules and Regulations, and the Fire Department Numbered Policies.

DISCUSSION

In this appeal, Farrelly alleges two assignments of error: 1) the appellee conducted an interrogation without providing the Firefighter Bill of Rights, and 2) the FCSB's decision was not made in good faith for cause as there was no evidence that Farrelly's conduct impaired the efficient operation of the department.

The district court's review of an action of the civil service board is "confined to the determination of whether the decision made by the board was made in good faith for cause. . . or to whether a board member should have or failed to recuse himself." La. R.S. 33:2561(E). The appellate court's standard of review of a board's determination is multifaceted. *Bolar v. Dep't of Pub. Works-Water*, 95-346 (La. App. 5 Cir. 10/31/95), 663 So.2d 876, 879 - 80, *writ denied*, 95-2809 (La. 1/26/96), 666 So.2d 680. When reviewing the board's findings of fact, the appellate court must apply the manifest error standard. *Wyatt v. Harahan Mun. Fire and Police Civil Service Bd.*, 06-81 (La. App. 5 Cir. 7/25/06), 935 So.2d 849, 853. Therefore, in our review of the FCSB's finding that the Firefighter Bill of Rights was not violated, we must find that the Board's determination was clearly erroneous. However, when judging the Board's exercise of its discretion in determining whether the disciplinary action is based on legal cause, the court should not modify the Board's order unless it is arbitrary, capricious, or characterized by abuse of discretion. *Bolar*, 663 So.2d at 880. Thus our review of the FCSB's decision on whether Farrelly's discipline was justified is limited to whether the decision was arbitrary, capricious, or an abuse of discretion.

FIREFIGHTER BILL OF RIGHTS

In his first assignment of error, Farrelly alleges that the FCSB erred in finding that the Department complied with the Firefighter Bill of Rights during his questioning on March 21, 2017. The Firefighter Bill of Rights requires the department to notify an employee in writing before a formal investigation of the nature of the investigation, the identity and authority of the person investigating, and the specific charges or violations being investigated. La. R.S. 33:2181(B)(1). At the commencement of any interrogation, the employee must also be notified of the identity of all persons present during the interrogation. La. R.S. 33:2181(B)(2). Failure to completely comply with the provisions in conducting an investigation results in an absolute nullity of the discipline. La. R.S. 33:2181(C).

An interrogation is defined as including any formal interview, inquiry, or questioning, but not an initial inquiry conducted by the employee's immediate supervisors, of an employee by the appointing authority or his designee regarding

misconduct, allegations of misconduct, or policy violations. La. R.S. 33:2181(A)(2). Interrogations must be recorded, and employees are entitled to the presence of counsel or a representative. La. R.S. 33:2181(B)(4-6).

The Louisiana Attorney General's office has interpreted La. R.S. 33:2181 as applying to all situations when an authorized person makes an inquiry or collects evidence with a view to disciplinary action. La. Att'y Gen. Op. No. 13-0207, 2014 WL 1404481 (referencing La. Att'y. Gen. Op. No. 07-0073, 2007 WL 2276696) (stating the protections apply if the investigation requires a close study or systematic inquiry into a situation, as well as if disciplinary action, demotion, or dismissal is a possible result).

Farrelly argues that the initial meeting at headquarters was an interrogation, exceeding the scope of an initial inquiry. It was initiated by the highest-ranking member of the department, took place at headquarters, and was conducted by the assistant superintendent and deputy chief. Farrelly testified that he was told by his Chief that he "had to go speak to Saunders at headquarters," and being told they were aware of his arrest, he was asked "what happened." He testified that he was not told he was under investigation before the meeting.

At the Fire Civil Service Board hearing, Director Greco testified that he was the Appointing Authority, responsible for the investigation of rule violations of Jefferson Parish East Bank Consolidated employees. He denied that he knew whether he would be disciplining Farrelly when he heard that he may have been arrested. He also testified when he heard of the arrest he had Assistant Director Saunders "approach or meet with Jonathan Farrelly to find out if - - in case it was true that he was arrested." When asked if Saunders asked Farrelly for his side of the story, Greco stated "I wasn't there." He testified that Farrelly was not under investigation until after Assistant Director Saunders confirmed the arrest, at which time Farrelly was notified by a letter of March 23, 2017.

This Court has previously discussed whether a meeting with superiors could be an investigation requiring compliance with the Firefighter Bill of Rights. *Bergeron v. City of Kenner*, 10-229 (La. App. 5 Cir. 10/26/2010), 51 So.3d 143, 147. In that case, a firefighter, Bergeron, argued that a Board failed to recognize his rights when a meeting at headquarters was actually an investigation. *Id.* at 144-45. At the meeting, Bergeron was asked questions regarding his knowledge of the department's policy of providing a physician statement to the assistant chief of fire department at headquarters, after he had turned in his statement at his fire station. *Id.* at 145.

4

This Court found that while the nature of the meeting was debatable, no evidence was presented to show that the meeting was a systematic inquiry necessary to find manifest error in the district court's affirming of the Board's decision. In that case, there were no facts to investigate because the underlying actions precipitating the meeting were undisputed. Furthermore, the questions in *Bergeron* concerned violations of department policy. This is distinguishable from the facts in the present case which involve allegations of criminal conduct.

Without the presence of counsel, Farrelly was asked to discuss facts relating to a pending criminal prosecution. While the Firefighter Bill of Rights provides that statements made during the course of an administrative investigation shall not be admissible in a criminal proceeding, Farrelly was not informed of these rights at the time of the meeting. La. R.S. 33:2181(B)(7). He was not advised whether his disclosures to his employers could adversely affect his impending criminal case. He may have felt that he had to answer the questions of his superiors as Department Rules and Regulation, Article X Section 3:06 states "[a]ny member who, when so directed by authority, refuses to answer questions or render statements, material, etc. relevant to any Department investigation shall be subject to disciplinary action." Furthermore, when the Department seeks information regarding conduct that results in an arrest, the details of the conduct can be confirmed through the police report.

Appellee argues that this was not an interrogation because at the time of the meeting Greco had no view towards possible disciplinary action. In *Bergeron* we stated that "[t]he nature of an inquiry in each case must be considered on its own circumstances, and the characterization of a meeting by the appointing authority does not determine its true nature." *Bergeron*, 51 So.3d at 147.

We find that the Board was clearly erroneous in finding that there was no violation of the Firefighter Bill of Rights. Farrelly was interrogated without counsel and without being informed of the nature of the investigation, in violation of the Firefighter Bill of Rights. In seeking confirmation of the arrest, the Department conducted an interrogation under La. R.S. 33:2181(A)(2) by questioning a fire employee through the appointing authority's designee regarding misconduct. As we have previously cautioned, "[t]he rights of fire employees under the statute cannot be subverted by manipulating or disguising the form of query so as to make the Firefighters Bill of Rights meaningless." *Bergeron*, 51 So.3d at 147. This was not an initial inquiry conducted by his immediate supervisors, but rather by the Assistant Fire Director and the District Chief. In

5

seeking a confirmation of Farrelly's arrest, the Department could have delegated the task to Farrelly's immediate supervisors. Instead, Farrelly's captain, Frank Tournier, brought him to headquarters. Farrelly testified that he had already reported the incident to his captain Billy Ziegler upon his return to work on March 20, 2017.

Appellee argues that even if the inquiry was an interrogation without informing Farrelly of his rights, subsequent actions taken after the meeting cured the prior violation. Appellee argues, that as Farrelly was later notified of an investigation and provided of a copy of the Firefighters Bill of Rights, the subsequent hearings in which Farrelly "freely admitted to the conduct" were in compliance with the Bill of Rights. For this position, appellee relies on *Ouachita Parish Police Jury v. Ouachita Parish Fire Prot. Dist. No. 1 Civil Serv. Bd*, 46-480 (La. App 2 Cir. 9/21/11), 72 So.3d 987, 991, a Second Circuit case, in which the court noted that the Firefighter Bill of Rights does not prohibit the employer from reinstituting a second investigation regarding the employee's actions after the disciplinary actions are nullified.

This Court agrees that an investigation can be reinstated after a previous investigation violated the rights of the subject. In the present case, however, there was never a reinstituting of a new investigation when the issue of violation of the Firefighter Bill of Rights was raised by Farrelly's counsel at the FCSB hearing. Rather than being freely given, Farrelly's statements at the FCSB hearing, as well as the pre-disciplinary hearing, were tainted by the violation at the initial interrogation. While Farrelly confirmed the details of the incident, after being provided with his rights, to the FCSB and to Fire Director Greco at the pre-disciplinary hearing, it was with the knowledge that he had already disclosed this information to the Assistant Fire Director.

It is the opinion of this Court that once the violation of the Bill of Rights is raised by a subject, it is incumbent upon the appointing authority to take curative measures before further investigation. Statements given by a subject at an interrogation, before being provided the Firefighter Bill of Rights, should not be used in subsequent proceedings. When a subject is notified of an investigation, after providing information at an improper interrogation, informing a subject of the likely inadmissibility of the prior statement may be sufficient to ensure that a reasonable person in the subject's situation would understand the importance and effect of his rights. *See Missouri v. Seibert,* 542 U.S. 600, 621-22, 124 S.Ct. 2601, 2615-16, 159 L.Ed.2d 643 (2004) (Kennedy, J., concurring).

CONCLUSION

As the discipline is nullified by the Department's failure to comply with the Firefighter Bill of Rights, it is not necessary to address Farrelly's second assignment of error regarding whether the FCSB's decision was in good faith for cause. Therefore, we reverse the decision of the district court and reverse the decision of the Jefferson Parish Fire Civil Service Board affirming the disciplinary action by the Jefferson Parish East Bank Consolidated Fire District.

**REVERSED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



## FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 4, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

# 19-CA-216

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE GLENN B. ANSARDI (DISTRICT JUDGE)

| | | |
|---|---|---|
| LAURA C. RODRIGUE (APPELLANT) | KEITH R. CREDO (APPELLEE) | AMANDA PLAISCIA (APPELLEE) |
| BLAKE J. ARCURI (APPELLANT) | GUICE A. GIAMBRONE, III (APPELLEE) | LOUIS L. ROBEIN, JR. (APPELLANT) |
| CHRISTINA L. CARROLL (APPELLANT) | CRAIG R. WATSON (APPELLEE) | |

**MAILED**
NO ATTORNEYS WERE MAILED