SCHOTT, Judge.
This is an appeal by the Department of Streets of the City of New Orleans from a decision of the Civil Service Commission of the City reinstating Johnny Tobias to the position of Equipment Operator I from which he had been dismissed by the Department.
*836 Tobias was fired for stealing gasoline from the department’s equipment yard on September 3, 1982. He appealed to the Civil Service Commission which referred the case to a referee in accordance with LSA-Const.1974, Art. 10, Section 12. On the basis of the record of testimony taken by the referee the Commission concluded that the Department failed to carry the burden of proof placed on it by Const.1974, Art. 10, Section 8 A.
The Department established that there had been a rash of thefts of gasoline from equipment while it was in the yard overnight. This led the police to place the area under surveillance. Officer Stephen Vil-lere testified that early on the morning of September 3 he and his partner caught Tobias slipping out of the yard through a hole in the fence with a five gallon plastic container filled with gasoline and heading for his truck parked nearby. They arrested him and he was subsequently convicted of theft in the criminal district court.
Tobias denied the theft. He claimed that Villere was the same policeman who had apprehended him some time previously and unsuccessfully attempted to have him convicted. Thus, Tobias charged that Villere was out to get him. He further testified that on the morning of September 3, as was his habit, he had arrived at the yard early, parked his truck near the coffee room, had coffee with some co-workers, and was on his way back to his truck with the intention of moving it to the other side of the yard when he was stopped by the officers. He further testified that he had been convicted of burglary in Mississippi in 1971, had come to work for the city in 1975 as a laborer, and had been promoted twice to reach his present position. He was thirty-six years of age, married with three children, and lived in Algiers which required him to cross the bridge to get to work and led him to the habit of arriving at work early so as to avoid traffic congestion.
His co-worker testified that Tobias drank coffee with him on September 3 and left to move his truck as usual when he heard that Tobias was arrested.
Several workers testified that the only gasoline burning equipment on the yard were two rollers which usually contained no more than five gallons. Everything else burned diesel fuel.
In reversing the Department’s dismissal of Tobias the Commission made the following findings:
“On the surface, this case seemed to be ‘open and shut.’ The appellant had been convicted in criminal court and the testimony of the Police Officer, including the statement of the prior conviction and suspicions of Mr. Tobias, was almost overwhelming. Nevertheless, a careful review of the hearing en toto, including the statements of the witnesses and the appellant, leaves much doubt as to what the actual facts are in connection with the incident which occurred on the morning of September 3, 1982.
The appellant tells a convincing story. It is supported by witnesses whose testimony upholds that story. First, it was never proven that there actually was gasoline in the containers that were found outside the fence of the yard. Secondly, the appellant was not actually seen in possession of the containers. It was verified that the appellant’s truck was parked some distance away from the location of the cans. Based on the testimony of witnesses brought by the appellant, it seems highly unlikely that the amount of gasoline allegedly in the containers could have been acquired from the vehicles in the yard. (The testimony by the City did not refute this contention.)
We have some difficulty with these findings because Officer Villere testified unequivocally that Tobias was carrying a container which contained gasoline. While no chemical tests were made of the substance the officer’s testimony that it looked and smelled like gasoline was sufficient to prove that it probably was. We also recognize that in a case such as this, where the testimony was taken by a referee, the Commission has no advantage over *837 this court in evaluating the credibility of the witnesses as does the usual trier of fact. Under such circumstances we need not defer to the Commission’s determination of the credibility issue. Merchant v. Department of Finance, 391 So.2d 587 (La.App. 4th Cir.1980). Thus, we are free to reject the Commission’s ultimate conclusions of disbelieving Officer Villere and believing Tobias.
We are faced with the Constitutional requirement that the Department had the burden of proof in this case. It presented Officer Villere, whose testimony was directly contradicted by Tobias whose testimony on the cold record does have the ring of truth in it. The Department rested on Villere’s testimony without calling Vil-lere’s partner and without explaining why he wasn’t called. The appropriate standard of appellate review of an action by the Civil Service Commission is to determine whether the conclusion reached by the Commission was arbitrary or capricious. Newman v. Department of Fire, 425 So.2d 753 (La.1983). We are not convinced that the present decision was arbitrary or capricious considering the record before us and, accordingly, the decision is affirmed.
AFFIRMED.