WARD, Judge.
The Superintendent of the New Orleans Police Department terminated the employment of Police Officer Patrick Dronet for his conduct during a domestic disturbance between Dronet and his former girl friend. Dronet appealed to the Civil Service Commission of the City of New Orleans, but that Commission upheld the decision of the Superintendent. Dronet has appealed that ruling to this court. We affirm.
Dronet argues that the Superintendent lacked cause for ordering termination because Dronet’s admitted improper conduct did not affect the efficiency of the New Orleans Police Department. The Superintendent of Police relied upon the following undisputed facts when deciding to terminate Dronet.
While on furlough, dressed in civilian clothing, and while in his own neighborhood in the adjoining Parish of Jefferson, Dronet and his former girl friend loudly argued over her reconciliation with her husband. Her husband was present during the argument. The Sheriff was called and a deputy instructed Dronet to stay away from them. Dronet left the apartment, but returned shortly thereafter. Finding no one home, he broke open the door, threw food around the apartment and pushed over some of the furniture. No one was injured. One of Dronet’s neighbors witnessed the incident which prompted the neighbor to call the Jefferson Parish Sheriff’s Department. They responded and arrested Dronet. Dronet and his girl friend *737 have since settled their differences, they no longer see each other, and she has reconciled with her husband. At the time this incident occurred, Dronet had been drinking. Although he was arrested, the District Attorney of Jefferson Parish, upon the request of Dronet’s former girl friend, refused to prosecute the case.
Although these facts were not contested, this appeal centers on Dronet’s argument that the Civil Service ruling is erroneous because his conduct did not impair the services of the police department. Therefore, he challenges the testimony that goes to this issue; that is, the testimony of an investigator of the Police Department’s Internal Affairs Division.
Internal Affairs Division Investigator, Mason Sponge, testified that Dronet’s conduct impaired the efficient operation of the police department because he did not live up to police standards when he committed the crime of criminal mischief and when he abused alcohol that night.
To discredit this testimony, Dro-net introduced the testimony of three fellow police officers who testified that Dro-net was an excellent police officer — one of the best. When Dronet testified' he described the incident as an aberration from his usual conduct, the result of emotional stress caused by domestic fighting.
LSA-Const. Art. 10. Sec. 8. Appeals, is the controlling law.
Section 8. (A) Disciplinary Actions.
No person who has gained permanent status in the classified state or city service shall be subject to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority-
LSA-R.S. 83:2423 is also applicable:
A. When any employee in the classified service * * * has committed any act to the prejudice of the service, * * *, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service
[[Image here]]
Because both counsel question the appellate procedure and the standards of review, we have summarized our view of the matter. An appointing authority’s decision to discipline an employee is not subject to a presumption of correctness. Bernard v. Louisiana Health and Human Resources Administration, 336 So.2d 55 (La.App. 1st Cir.1976). Rather, the appointing authority must prove the case before the Commission in what amounts to a hearing de novo by the Commission to determine if the appointing authority’s action was “without just cause” or unreasonable? R.S. 33:2424. Once the Civil Service Commission makes its ruling, either the employee or the appointing authority may appeal for a review of that ruling to this court and that review extends both as to law and facts. LSA-Const. Art. 10 Sec. 12(B). As to the scope of review of factual issues where credibility is crucial, and where the Commission has viewed the witnesses as they testified, this court has held that it reviews an appeal by the employee or by the appointing authority using the same standard of review as applied to findings of fact by the district court — the manifest error standard. Commission rulings that bear on the appointing authority’s disciplinary action are judged by the standard of “abuse of discretion". See Cha-Jua v. Department of Fire, 577 So.2d 332, (La.App. 4th Cir.1991), writ denied 580 So.2d 675.
LSA-R.S. 33:2423 indicates that before an employee may be disciplined, he must commit an act to the prejudice of the service. Whether Dronet’s conduct was prejudicial to the police department is an issue of fact to be judged by the manifest error rule. The Police Department produced testimony that Dronet’s conduct by violating the law of criminal mischief and being drunk in public, prejudiced the police department. Thus, the record offers support for the Commission’s ruling. As a consequence, we cannot say that the Commission’s finding of fact is manifestly erroneous.
*738 When considering the Commission’s ruling upholding Dronet’s termination, the issue is whether the Commission abused its discretion by finding the appointing authority acted with “just cause” and in a “reasonable” manner. Whether we agree with the Commission is immaterial; we cannot say that it abused its discretion when it upheld the disciplinary action of the appointing authority.
AFFIRMED.