750 So.2d 382 (2000)
Victor GANT
v.
DEPARTMENT OF POLICE.
No. 99-CA-1351.
Court of Appeal of Louisiana, Fourth Circuit.
January 5, 2000.
Rehearing Denied February 2, 2000.
*383 Chris J. Doyle, New Orleans, Louisiana, Counsel for Plaintiff-Appellee.
Ike Spears, Spears & Spears, New Orleans, Louisiana, Counsel for Defendant-Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judge MIRIAM G. WALTZER and Judge DENNIS R. BAGNERIS, Sr.
KLEES, Chief Judge.
This is an appeal from a ruling of the Civil Service Commission modifying the disciplinary action taken against Victor Gant by the Appointing Authority. For the reasons stated herein, we reverse the Commission's ruling and reinstate the termination of Victor Gant's employment.

FACTS
Victor Gant was a police officer employed by the New Orleans Police Department with permanent status in the Civil Service system. He was first hired by the City of New Orleans on February 3, 1980 as a garage attendant, and he was promoted to the level of Police Officer IV on February 15, 1993. By letter dated August 24, 1996 from Superintendent Richard Pennington, Gant was terminated from his position for violating various police department rules following four separate internal investigations. Gant appealed his dismissal to the Civil Service Commission, and the matter was assigned to a hearing examiner pursuant to Article X, Section 12 of the Constitution of the State of Louisiana, 1974. A hearing was held on March 12 and May 7, 1997. On October 22, 1997, the hearing examiner issued a written report to the Commission recommending that the charges against Gant be dismissed as the Police Department failed to establish any violation of departmental rules that warranted disciplinary action.
The Civil Service Commission reviewed this report, as well as the transcript and documentary evidence presented at the hearing, and concluded that the disciplinary action taken against Officer Gant was excessive. By judgment rendered April 26, 1999, the Commission modified the discipline to a thirty day suspension for violation of the rules in one of the charges against this officer. The Commission further ordered that Gant be reinstated with all lost wages and other emoluments restored. The Appointing Authority, the New Orleans Police Department, perfected this devolutive appeal.[1]

APPLICABLE LAW
The applicable law governing an employee's appeal to the Civil Service Commission following disciplinary action was set forth in this court's opinion in Saacks v. City of New Orleans, 95-2074 (La.App. 4 Cir. 11/27/96), 687 So.2d 432, writ denied, 97-0794 (La.5/9/97), 693 So.2d 769 (La. 1997), cert denied, 522 U.S. 914, 118 S.Ct. 298 (1997):
The Louisiana Constitution of 1974 establishes a city civil service which includes "all persons holding offices and positions of trust or employment in the employ of each city having over four hundred thousand population and in every instrumentality thereof." Because the electors of New Orleans failed to exclude its paid firemen and municipal *384 policemen from these provisions by an election called within one year from the date of the constitution, these employees are included in the classified city civil service. La. Const. art. X, Sec. 1(B), 2; Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984).
A permanent classified City Civil Service employee cannot be subjected to disciplinary action except for cause expressed in writing. He or she may appeal from such disciplinary action to the City Civil Service Commission and the appointing authority has the burden of proof as to the facts. La. Const. art. X, Sec. 8; City Civil Service Rules, Rule II, Sections 4.1, 4.4.

The burden of proof is less in a Civil Service hearing than in a criminal proceeding. Although the facts must be "clearly" established, they need not be established "beyond a reasonable doubt." Lombas v. Department of Police, 467 So.2d 1273 (La.App. 4th Cir.), writ denied, 470 So.2d 120 (La.1985).
The Civil Service Commission has the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The decision of the Commission shall be subject to review on any question of law or fact upon appeal to the Court of Appeal. La. Const. article X, Sec. 12(B).

The Supreme Court has formulated jurisprudential precepts to guide the Commission and the courts of appeal in applying these constitutional principles. Walters v. Dept. of Police of New Orleans, 454 So.2d 106, 113 (La. 1984) (citations omitted). "Cause" for the dismissal of a person who has gained permanent status in the classified civil service has been interpreted to include conduct prejudicial to the public service in which the employee in question is engaged or detrimental to its efficient operation. The Commission has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. Id., (citations omitted).

Legal cause exists whenever the employee's conduct impairs the efficiency of the public service in which the employee is engaged. The appointing authority has the burden of proving the impairment. Cittadino v. Department of Police, 558 So.2d 1311, 1315 (La.App. 4th Cir.1990).
Further, with regard to the standard of review, this Court has held that where testimony is taken by a hearing officer or referee, the Commission has no advantage over the reviewing court in evaluating the credibility of the witnesses as does the usual trier of fact. Tobias v. Department of Streets, 454 So.2d 835 (La. App. 4 Cir.1984). Under these circumstances, the reviewing court need not defer to the Commission's determination of the credibility issue. Id. However, in judging the Commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this Court should not modify the Commission's order unless it is arbitrary, capricious or characterized by abuse of discretion. Walters v. Department of Police of the City of New Orleans, 454 So.2d 106, 114 (La.1984).

DISCUSSION
By this appeal, appellant asserts that the Commission was manifestly erroneous in concluding that the appointing authority had failed to prove that Officer Gant violated Rule 2.6 of the department's rules, prohibiting the use of unjustifiable force against any person. Appellant contends that the record supports a finding that Officer Gant committed a battery on the *385 person of Sharon Robinson which justified the disciplinary action imposed. Specifically, appellant argues that the hearing officer erred in excluding statements made by Sharon Robinson to an officer in the Public Integrity Division regarding other acts of violence on the basis of hearsay. Further, appellant contends that the Commission failed to adequately consider the testimony of Dr. Peter Filozof which proves appellant's charge that a battery was committed by Officer Gant.
In the termination letter dated August 23, 1996, Officer Gant was charged among other things with a violation rules relating to Adherence to Law, Unauthorized Force and Professionalism. These rules read as follows:
Rule 2 Moral Conduct
1. Adherence to Law
Employees shall act in accordance with the constitutions, statutes, ordinances, administrative regulations, and the official interpretations thereof, of the United States, the State of Louisiana and the City of New Orleans, but when in another jurisdiction shall obey the applicable laws. Neither ignorance of the law, its interpretations, or failure to be physically arrested and charged, shall be regarded as a valid defense against the requirements of this rule.
Applicable Law
R.S. 14:35 Simple Battery
Simple battery is a battery committed without the consent of the victim.
Rule 2 Moral Conduct
6. Unauthorized Force
Employees shall not use or direct unjustifiable physical abuse, violence, force or intimidation against any person.
Rule 3 Professional Conduct
1. Professionalism
Employees shall conduct themselves in a professional manner with the utmost concern for the dignity of the individual with whom they are interacting. Employees shall not unnecessarily inconvenience or demean any individual or otherwise act in a manner which brings discredit to the employee or the Police Department.
The investigation against Officer Gant into violation of these rules was listed as Number 95-851R, and was explained by the Superintendent in the August 23, 1996 letter as follows:
This investigation determined that on December 9, 1994, at 4:00 AM, while at 6801 Edgewater Apt. "G" you battered a Ms. Sharon M. Robinson causing a one (1) centimeter (or approximately 2 and½ inches) cut to the bridge of her nose. In a statement to Sgt. Robert Nelson, you stated, "I hit her in the mouth and I busted her mouth" and "I just pushed her to get her away from me." It was at this time that Ms. Robinson fell and struck her nose on a "little corner seat."
In its decision, the Civil Service Commission stated its reasons for failing to sustain this charge as follows:
As to the case relating to the alleged battery, the Appointing Authority has failed to prove violations of R.S. 14, Article 35 (Simple battery), NOPD Rule 2 Unauthorized Force, or Rule 2.1, Adherence to Law. In reviewing the testimony of D'Juana Robinson, its conflicts and incompleteness are apparent. The testimony also appears rehearsed. The testimony of Dr. Filoz [sic] does not appear that compelling or that he was convinced of his patient's (Sharon Robinson) mental status. The medical record states: "Management ... 2) Battered Women's # given and encouraged."
No social service intervention was taken as treatment during evaluation or referral to municipal agencies which address domestic violence. He did elaborate on Ms. Robinson's demeanor and the appearance of Appellant' [sic] presence that intimidated her, but never affirmed *386 any acts of violence in her evaluation.
Clearly there was an altercation between Appellant and Ms. Robinson. The record bears out that she sustained some type of injury, but was that the result of a domestic quarrel or an officer violating the law? The Appointing Authority has failed to prove the matter through the preponderance of evidence.
The evidence presented at the hearing of this matter with regard to the alleged battery of Ms. Robinson consisted of the testimony of Ms. Robinson's daughter and the emergency room physician who treated Ms. Robinson on the night of December 9, 1994. D'Juana Robinson, Sharon Robinson's daughter, testified that she, her mother and her two sisters lived with Victor Gant and that her mother and Gant were girlfriend and boyfriend. D'Juana testified that on the night of December 9, 1994, she and her sisters and a friend were sleeping in the bed in her mother's apartment. She stated that she heard Gant and her mother "fussing and fighting," and she saw Gant lock her mother in a closet. When her mother tried to get out of the closet, Gant punched a hole in the wall. She also testified that she saw Gant throw a television set on her mother, although she admitted she did not actually see the TV hit her mother. She heard her mother scream, however, and she stated her mother received stitches in her nose following this incident.
Dr. Peter Filozof testified at the hearing that he was a resident in the emergency room at Charity Hospital, and he examined Sharon Robinson on December 9, 1994 when she presented herself there. Dr. Filozof stated that the patient initially stated she slipped and struck her nose on the bathroom sink. However, he stated she seemed very tearful and anxious, and that the person with her (Victor Gant) seemed very overprotective of her. Dr. Filozof asked Gant to step out during the examination, and at that point, Sharon Robinson stated that she was struck by her boyfriend thirty minutes before the hospital visit. Dr. Filozof stated he included his information in this report, and that he referred her to a battered women's clinic. This information is corroborated on the discharge sheet presented to Ms. Robinson.
Ms. Robinson was unable to testify at the hearing in this matter because she was killed on May 1, 1995. Sergeant Robert Nelson testified at the hearing that he was assigned to the Public Integrity Division of the Police Department earlier in 1995. Sergeant Nelson testified that on May 1, 1995 he was assigned to assist St. John Parish detectives in their investigation of the murder of Sharon Robinson. During the course of this investigation, information was received from family members that indicated there was a domestic problem between Gant and Robinson. This investigation led to the discovery of the emergency room records from Charity Hospital indicating Ms. Robinson had been injured during an altercation with Gant. Sergeant Nelson further testified that during this investigation, Officer Gant provided a statement to him admitting that he had pushed Ms. Robinson down and she struck her head, causing her to go to the hospital. Sergeant Nelson testified that he also spoke with Ms. Robinson's daughter and other family members, and concluded that Ms. Robinson was a victim of battery at the hands of Officer Gant.
Officer Gant testified at the hearing that on December 9, 1994, he and Ms. Robinson engaged in a quarrel while in the bathroom of their apartment. He stated Ms. Robinson struck him in the mouth with the television remote control, and that he pushed her away from him. He stated she slipped and struck her head on the bathroom sink. Officer Gant testified he never struck Ms. Robinson, nor did he ever pull a gun on her and threaten to kill her.
In its first assignment of error, appellant contends that the hearing officer erred in excluding the testimony of Officer Warren Riley concerning a complaint *387 made to him by Sharon Robinson while he was assigned to the Public Integrity Division. The hearing officer ruled that the testimony was irrelevant as it did not pertain to the charge brought against Officer Gant, simply battery occurring on December 9, 1994.
However, at the hearing of this matter, Officer Gant testified he never struck Ms. Robinson nor did he pull a gun on her or otherwise threaten her. The proffered testimony contradicted these statements, and thus placed Officer Gant's credibility at issue. The hearing officer erred by holding that the proferred testimony was not relevant to impeach Officer Gant's testimony.
Further, we fail to find that the proffered testimony was inadmissible on the basis of hearsay. Pretermitting a consideration of whether this testimony constitutes hearsay,[2] we note that the usual rules of evidence do not apply in administrative hearings. Hearsay is admissible; however, the findings of the Commission must be based on competent evidence. Incompetent evidence will be disregarded by the appellate court. Cittadino v. Dept. of Police, 558 So.2d 1311, 1315 (La.App. 4 Cir. 3/14/90).
In the present case, the evidence presented by Officer Riley concerning his discussion with Sharon Robinson was competent evidence. Sharon Robinson was deceased at the time Officer Riley gave this testimony, and Officer Riley's testimony was based on personal knowledge from his interview with the deceased. Further, Officer Riley's testimony was relevant to the charges against Officer Gant involving physical abuse and violence. The testimony was relevant to impeach the credibility of Officer Gant's previous testimony, and we hold that the Commission erred in failing to consider this testimony.
We turn next to the issue of whether the Appointing Authority met its burden of proving legal cause for the disciplinary action taken against Officer Gant. In order to sustain its burden, the Police Department must have "clearly established" that Officer Gant violated the above-cite departmental rules. Cause has been interpreted to include conduct prejudicial to the public service or detrimental to its efficient operation. Walters, supra, 454 So.2d at 113.
We have carefully reviewed the entire record in this matter and conclude that the evidence overwhelmingly supports a finding that Officer Gant battered Ms. Robinson on December 9, 1994. The emergency room records are not in dispute. Ms. Robinson admitted this to the emergency room physician who was an unbiased independent witness. Although the Commission found that Dr. Filozof's testimony was not compelling, the record does not bear this out. Dr. Filozof testified at trial that he became suspicious of the cause of Ms. Robinson's injury based on his observance of the behavior of Ms. Robinson and Gant. At trial, Dr. Filozof positively stated, "I do not think it could be that the injury was caused by a fall to the sink."
In his report, Dr. Filozof stated that Ms. Robinson admitted to being a victim of battering. He stated he encouraged her to seek assistance from a battered women's shelter as soon as possible. Although there is no evidence indicating that Ms. Robinson sought such assistance, this does not negate Dr. Filozof's positive statements indicating physical violence was involved in Ms. Robinson's injuries.
Further, Ms. Robinson's daughter testified over difficult cross-examination that she observed Officer Gant and Ms. Robinson *388 in a fight on Deember 9, 1994. This witness testified that she witnessed Officer Gant throw a television in the direction of Ms. Robinson which required Ms. Robinson to seek medical attention. We fail to find conflicts in this young girl's testimony, except insofar as the testimony conflicts with Officer Gant's version of the events. In addition, although Officer Gant attempted to claim the injury to Ms. Robinson was accidental, his credibility was seriously damaged by the testimony of D'Juana Robinson that she saw Gant strike her mother on more than one occasion. Further, the proffered testimony of Officer Riley reveals that Officer Gant pulled a gun on Ms. Robinson and threatened to kill her, both of which Officer Gant denied in his previous testimony.
In addition, the Police Department was called into an investigation of Sharon Robinson's death based Officer Gant's position there. Sergeant Nelson concluded from his investigation that there was sufficient evidence that Gant perpetrated a battery on Sharon Robinson on December 9, 1994 in violation of criminal laws and departmental rules.
Under the circumstances presented here, we find that the Commission erred in failing to credit the testimony of D'Juana Robinson and Peter Filozof. We conclude that the Commission's determination that the Appointing Authority failed to prove that a battery was committed against Ms. Robinson was manifestly erroneous. Whether or not this battery was committed within the confines of a domestic quarrel or in the furtherance of Officer Gant's official duties is of no moment. Rule 2.6 prohibits the use of unjustifiable force or violence against any person, and the record before us clearly establishes that Officer Gant violated this departmental rule on December 9, 1994. We find that the Police Department had good cause for taking disciplinary action against Officer Gant.
The act of domestic violence at the hands of a commissioned police officer under any circumstances is particularly reprehensible and obviously prejudicial to the efficient operation of the police department. We find that the battery committed on Ms. Robinson by Officer Gant, along with the other charges which were sustained by the Commission, warrants the disciplinary action of termination from employment. The Commission abused its discretion in determining otherwise. See, Dronet v. Dept. of Police, 613 So.2d 735 (La.App. 4 Cir.1993), writ denied, 615 So.2d 345 (La.1993).

CONCLUSION
Accordingly, for the reasons assigned herein, the judgment of the Civil Service Commission reinstating Victor Gant to his position with the police department is reversed. The original disciplinary action imposed by the New Orleans Police Department ordering termination of Victor Gant's employment is hereby reinstated.
REVERSED.
NOTES
[1] The Appointing Authority only appeals the Commission's failure to sustain the charges of battery of Sharon Robinson and violation of NOPD Rule 2. Although the Commission also failed to sustain two of the other charges brought against Gant, no appeal was taken from this ruling. The Commission did however, sustain one of the charges brought against Officer Gant.
[2] The appellant argues that the testimony constituted an exception to the hearsay exclusion based on La.Code Evid., art. 804(2)(b). However, based on our ruling that hearsay is admissible in an administrative proceeding such as the one here, we need not address this argument.