BELSOME, J.,
dissents and assigns reasons.
[TI respectfully dissent from the majority’s opinion. I would find that the Commission abused its discretion in ruling against Narcisse.
Here, the evidence was taken before a hearing examiner, who submitted a recommendation with reasons explaining his apportionment of credibility in favor of Narcisse. However, in ruling against Narcisse, the Commission offered no reasons for disregarding the Commissioner’s credibility assessment.
With regard to the standard of review, this Court has held that where testimony is taken by a hearing officer or referee, the Commission has no advantage over the reviewing court in evaluating the credibility of the witnesses as does the usual trier of fact. Gant v. Department of Police, 99-1351, pp. 3-4 (La.App. 4 Cir. 1/5/00), 750 So.2d 382, 384, writ denied, 760 So.2d 1161, (La.4/20/00) (citing Tobias v. Department of Streets, 454 So.2d 835 (La.App. 4 Cir.1984)). Under these circumstances, the reviewing court need not defer to the Commission’s determination of the credibility issue. Id. However, in judging the Commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this Court should not modify the Commission’s order unless it is | ¡.arbitrary, capricious or characterized by abuse of discretion. Walters v. Department of Police of the City of New Orleans, 454 So.2d 106, 114 (La.1984).
I would find that the Commission arbitrarily discredited Narcisse’s testimony without the benefit of personal observing the witnesses, their demeanor on the stand, and the manner in which they responded to the examination. Thus, I would defer to the hearing examiner’s credibility assessment in favor of Narcisse. Accordingly, I would reverse the Commission’s ruling.