SEAN DAVID DUCKETT, SR.

VERSUS

JEFFERSON PARISH DEPARTMENT OF
PUBLIC WORKS - STREETS

NO. 20-CA-452

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE JEFFERSON PARISH PERSONNEL BOARD
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 19-11
RUFUS C. HARRIS, III, CHAIRMAN, MICHAEL L. FANTACI, AND
DANIEL R. MARTINY, BOARD MEMBERS PRESIDING

November 03, 2021

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and John J. Molaison, Jr.

**<u>AFFIRMED</u>**
   **JJM**
   **JGG**
   **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
SEAN DAVID DUCKETT, SR.
   Dale E. Williams

COUNSEL FOR DEFENDANT/APPELLEE,
JEFFERSON PARISH DEPARTMENT OF PUBLIC WORKS - STREETS
   Crystal M. Heine

**MOLAISON, J.**

Appellant, Sean Duckett, appeals the decision of the Jefferson Parish Personnel Board affirming his termination as Superintendent One (a classified permanent position) by the Jefferson Parish Public Works Department of Streets ("the Department"), for providing a fraudulent doctor's note for sick leave. The appellant was terminated from his position on March 18, 2019 after he was officially notified of the reasons by a letter from the Director of the Department, Brook Burmaster. The appellant appealed his termination to the Personnel Board ("the Board") on April 11, 2019. A hearing was held before a hearing examiner (or referee). On March 2, 2020, the referee made a factual finding that the appellant used a fraudulent doctor's excuse and lied in his pre-disciplinary hearing when he was confronted about the discrepancy. His conclusion was that punishment was warranted, but the punishment given was excessive.

Counsel for both parties filed for post-hearing review. After an August 18, 2020 board meeting in which the parties were permitted ten minutes to present argument, the Board ordered the reversal of the referee's decision. In its September 11, 2020 order, the Board ruled that the punishment given was not excessive, upholding the appellant's termination from employment. Thereafter, the appellant perfected his appeal to this Court. Because we find no merit to the appellant's assignments of error, we affirm the decision of the Personnel Board.

**FACTUAL AND PROCEDURAL HISTORY**

A termination letter of March 15, 2019 charged the appellant "with providing a fraudulent doctor's note on February 19, 2019 for you[r] sick leave that was taken February 12, 2019." The doctor's note, on letterhead from the office of Dr. Eric Lonseth, stated that the appellant accompanied a patient to a doctor's appointment on February 12, 2019. Director Burmaster, after investigation and a pre-disciplinary meeting on March 6, 2019, found that the

doctor did not have a record of the visit or recognize the note; the appellant failed in his obligation to be truthful and accurate; the appellant requested sick leave under false pretenses and attempted to perpretrate deception of illness; and the appellant engaged in unprofessional and prohibited conduct that can reasonably be expected to damage the public's respect, confidence, or trust of parish government. In consideration of the determination to terminate the appellant's employment, Director Burmaster considered his recent annual evaluation rating of Below Expectations,[1] as well as a prior verbal warning by previous Director Neil Schneider in August of 2018 for providing a fraudulent doctor's note, and the use of sick leave in lieu of annual leave during a vacation in January of 2015. Director Burmaster stated that the acts of misconduct eroded his trust in the appellant and any expectation of his credibility and dependability.

After the appellant filed for an appeal of the decision, a hearing was held, on February 19, 2020, before the hearing examiner, Referee Theodore Nass.[2] The Department called witnesses, including Chantell Prestenbach, a streets department administrative assistant and former payroll clerk; Jonas Perriott, Human Resources manager[3]; Durell Jones, Sr., Superintendant II, the appellant's supervisor[4]; and James Thompson, oil manager of the Department.[5] Director Burmaster testified that although he looked back into other incidents after the doctor's note, he would fire an employee for a first offense of this kind. The appellant also testified that he

---

[1] There was a February 28, 2019 evaluation that was not introduced into evidence at the appeal hearing due to an agreement between counsel to limit the scope to the fraudulent letters as the reason for the action. Jefferson Parish Department of Personnel, Personnel Rules of the Classified Service, Rule XII Performance Evaluations, Section 1, Administration, 1.6 states "Performance evaluations are management judgments by appropriate supervisory authority and subject to section 1.8, below, are not appealable to the Personnel Board, until and unless they result in some form of appealable action specified elsewhere in these Rules."

[2] Rule 12(a) of the Rules of Appeal Procedure, allows the Board to appoint a referee to hear and decide any appeal pending before the Board.

[3] Mr. Perriott was tasked by the Appointing Authority into inquiring into the validity of the appellant's doctors' notes.

[4] Mr. Jones testified that while he needed work orders and daily work schedules from the appellant, he never requested the doctors' notes.

[5] Mr. Thompson testified that employees get five "occurrences" per year before being required to document sick leave.

20-CA-452                                    2

changed the date of the doctor's note because he was not at the doctor's office on that date, but was assisting his father who had an incident while driving. He stated that he provided the note because his supervisor told him it was necessary when he left work that day.

The Department submitted evidence (in Appointing Authority exhibits) showing a January 2015 "write up"[6]; the doctor's note at issue, as well as doctor's notes from February 13 and 27 from The Urgent Care; the tape of the pre-disciplinary hearing; an email from Dr. Lonseth's office stating they neither had a record of, nor recognized the note; an Employee Investigative Report ("EIR") of February 20, 2019; an EIR of February 19, 2019; and a letter from the appellant's previous supervisor, Neil Schneider.

The February 20, 2019 EIR by Supervisor Jones was an investigation of the appellant for failing to comply with the process for submitting his daily work schedule and submitting two additional doctor's notes on February 13 and 14, 2019 without the required physician's signature.[7] The investigation notes that "[Mr. Jones] was informed that you have submitted notes of this nature in the past and was given a verbal Warning by Mr. Neil Schneider asking you to never do this again." The EIR states that the appellant had been given the department policy on timely submission of his daily work schedule.

The February 19, 2019 EIR by Supervisor Jones was for the appellant's failure to turn in 10 work order/jobs on Friday February 15, 2019. An email of February 6, 2019 from Manager James Thompson was attached to show his directive that "From this day forward I need you to ride, check and take pictures of

---

[6] The incident in January 2015 related to the appellant attempting to change annual leave, requested for his honeymoon, to sick leave after being in a car accident.

[7] Attached to the EIR were statements regarding prior "Coaching/Counseling Sessions" given to the appellant, including: one for not submitting his daily work schedule on time on September 18, 2018 by Supervisor Jones regarding reliability for not carrying out a directed order; one on June 6, 2018 by Supervisor Thompson regarding decision making for not sending out the daily schedule on time; and one on March 26, 2018, by Supervisor Arthur Moran regarding communication for not sending out the daily work schedule.

10 jobs per week and make copies. This will help eliminate the work order reduction in concrete."

Neil Schneider's affidavit[8] stated that he is the Parish Capital Projects Director. He was the former Director of the Jefferson Parish Department of Streets, and during his tenure the appellant submitted a "questionable doctor's note" and was given a verbal warning.

After finding that the appellant used a fraudulent doctor's excuse and lied about it in his pre-disciplinary hearing, Referee Nass concluded that punishment was warranted, but the punishment given was excessive. He ordered that the appellant be demoted to foreman, and not be awarded back pay as the loss of pay is part of the punishment (and many of the continuances were caused by his pleadings). He further ordered that the appellant's time off should be considered leave without pay, the appellant should serve a working test period of six months not for pay, his pay should remain as it was when he was last employed, and he should report for work on March 9, 2020.[9]

The Department filed a motion for expedited decision by the Personnel Board for a stay of execution of the referee's decision due to the judgment taking effect prior to the appeal delay of fifteen calendar days from the date of the decision. On March 19, 2020, the appellant filed an application for post-hearing review in which he claimed that the referee's judgment was erroneous as it found the appointing authority was justified in demoting him and discipline was improper "because the situation leading to the altered doctor's note was entirely the making of the HR representative Jonas Perrioti who interfered with appellant's protected

---

[8] The affidavit states that the affiant was "unable to attend the hearing" without further reasons. Rule 10(g) of the Rules of Appeal Procedure, states that affidavits and other ex parte statements shall not be received in evidence without the consent of all parties, except to refresh memory or to discredit a witness.
[9] Referee Nass further ordered that the appellant would not be eligible for a raise until March 2021, but the appellant would be eligible for tenure award in 2020. He also ordered the dismissal of the appellant's appeal of his March 2019 evaluation, "as it has become moot."

right to FMLA to care for his father."[10] The Department filed an application for review of the referee's decision on July 15, 2020, asserting that the referee erred in finding that termination was excessive and allowing the appellant to be reinstated at the same salary.[11]

The parties presented argument before the Board on August 8, 2020.[12]  The Board found that the punishment was not excessive because the appellant used a fraudulent doctor's excuse and lied about it in his pre-disciplinary hearing when he was confronted about the discrepancy.  In accordance with Article X, § 12 of the Louisiana Constitution and Rule of Appeal Procedure 31, the appellant filed a timely appeal to this Court.

**DISCUSSION**

In his assignments of error, the appellant alleges that the Board committed reversible error: by illegally depriving him of a timely pre-deprivation notice and a meaningful opportunity to be heard, by determining that his actions impaired the efficient operation of the Department, by reversing the hearing officer's finding that the termination was not commensurate with the offense, and by failing to restore him to his previous job with back pay, attorney fees, and costs.

The Jefferson Parish Department of Public Works–Streets is a classified civil service system governed by a statutory system established by Title 33, Chapter 5, Part I of the Louisiana Revised Statutes.  A classified civil servant is

---

[10] In the alternative, he claimed that the judgment was erroneous in finding that the appointing authority was justified in denying him back pay, stating the same grounds as his Fourth Assignment of Error in this appeal.

[11] The appellant filed a reply on August 3, 2020, where he stated the Department improperly argued about similar situations and his annual evaluation.  On August 7, 2020, the Department submitted a response to his reply stating that misrepresentation and deception is worthy of termination and allowing him to return to employment would set an unfavorable precedent.

[12] Rule of Appeal Procedure 27 allows for any party to file with the Board an application requesting the Board to review a decision of a referee on any question of law or fact, which may be accompanied by written argument. Rule of Appeal Procedure 27(f) states that the Board may reverse or modify the Referee's decision on an issue of law after consideration of the application for review. The Board may also listen to pertinent portions of the sound recordings of the proceedings conducted before the Referee or read and review the transcript of the proceedings before the Referee, and, thereafter, reverse or modify the Referee's decision on an issue of fact.

afforded protection in disciplinary actions taken without cause. La. Const. art. 10 §

8(A); *Becker v. Jefferson Parish Dept. of Parks & Recreation*, 09-662 (La. App. 5

Cir. 1/12/10), 30 So.3d 1007; *Adams v. Jefferson Parish Department of Community*

*Action Programs*, 02-1090 (La. App. 5 Cir. 4/29/2003), 845 So.2d 1147. A

dismissal of a civil servant "for cause" is synonymous with legal cause; legal cause

for disciplinary action exists if the facts found by the commission disclose that the

conduct of the employee impairs the efficiency of the public service. *Robinson v.*

*Jefferson Par. Dep't of Pub. Works-Drainage*, 13-474 (La. App. 5 Cir. 12/19/13),

131 So.3d 433, 437. The appointing authority is charged with the operation of its

department, and it is within its discretion to discipline an employee for sufficient

cause. *Becker*, 30 So.3d at 1013.

La. R.S. 33:2561 allows a public employee to apply to the Board for a

review of discharge or disciplinary action. The statute states that the Board is

"confined to the question of whether the action taken against the employee was

made in good faith for cause[.]" The burden of proving legal cause before the

Board is on the appointing authority. *Ruddock v. Jefferson Par. Fire Civil Serv.*

*Bd.*, 96-831 (La. App. 5 Cir. 1/28/97), 688 So.2d 112, 114. The Board's findings

must be based on competent evidence; incompetent evidence will not be

considered by the appellate court on review. *George v. Department of Fire*, 93-

2421 (La. App. 4 Cir. 5/17/94), 637 So.2d 1097. When reviewing the Board's

findings of fact, the appellate court must apply the manifest error standard,

however, in reviewing the Board's exercise of its discretion to determine whether

the disciplinary action is based on legal cause and the punishment is

commensurate with the infraction, this Court should not modify the Board's order

unless it is arbitrary, capricious, or characterized by abuse of discretion. *Bolar v.*

*Department of Public Works - Water*, 95-346 (La. App. 5 Cir. 10/31/95), 663 So.2d

876; *Ruddock v. Jefferson Par. Fire Civil Serv. Bd.*, 96-831 (La. App. 5 Cir. 1/28/97), 688 So.2d 112, 114.

First Assignment of Error

In his first assignment of error, the appellant claims that the Board erred in violating principles of due process by illegally depriving him of a timely pre-deprivation notice and a meaningful opportunity to be heard.

In *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), the Supreme Court defined the minimum procedures due prior to the discharge of a tenured public employee. According to the Court, a pre-termination hearing should be held, but it need not be elaborate, and it may be "something less" than a full evidentiary hearing. *Id*. at 545. In essence, this pre-termination hearing should be an initial inquiry to determine whether reasonable grounds existed to believe that the charges against the employee are true in order to support the proposed action. *Id.* at 545-546.

"An appointing authority is required to afford an employee notice of the 'reasons' for disciplinary action." *Ellins v. Dep't of Health*, 505 So.2d 74, 76 (La. App. 4 Cir. 1987) (*citing* La. R.S. 33:2423). The purpose of the pre-termination hearing is not to definitely resolve the propriety of the discharge, but to guard against mistaken decisions. *George v. Dep't of Fire*, 637 So.2d 1097, 1104 (La. App. 4 Cir. 1994). Depending on the circumstances of the case, the employee must be informed of the time, place and nature of the alleged misconduct in sufficient detail to enable the employee to adequately prepare his defense. *Department of Safety v. Rigby,* 401 So.2d 1017, 1021 (La. App. 1 Cir. 1981), *writ denied,* 406 So.2d 626 (La. 1981).

The appellant states he was given no written, or other, notification of a pre-disciplinary hearing. Neither party introduced a copy of a written notice for that meeting, or claimed that it was oral notice. The appellant gave conflicting

testimony at the appeal hearing on this issue. When asked how he was notified about the pre-disciplinary hearing, he stated "A letter came afterward for the hearing. . .we was [sic] in a meeting on the Westbank already and I was told to stay after the meeting." But he refers to "the notice" that the hearing was supposed to be about his evaluation. However, at the pre-disciplinary hearing, he stated "I wasn't informed that I was going over the evaluation today. . . I was not informed of that we was [sic] having this evaluation meeting."

In his conclusion, the appellant states that Jefferson Parish Personnel Rules put no requirement for advance notice of disciplinary actions. However, Jefferson Parish Administrative Management Policies (JPAMP) 502, section 5 delineates the requirements for a Pre-Disciplinary Hearing between the appointing authority and a subordinate employee who is alleged to have violated a policy, regulation, rule, performance standard or has otherwise acted or failed to act in a manner to the prejudice of the parish employment. The purpose of the hearing is to provide notice to an employee of allegations of violations before disciplinary action is taken. JPAMP Rule 5.2.

As far as notice, an employee shall be given notice of the pre-disciplinary hearing reasonably in advance of the scheduled hearing; either (1) by hand in writing, except in exigent circumstances notice may be oral; or (2) by mail, U.S. mail, postmarked five (5) calendar days in advance of scheduled hearing. JPAMP Rule 5.6.1. JPAMP Rule 5.6.2 states:

> the notice shall (1) state the date, time and place of pre-disciplinary hearing; (2) describe the conduct, action or inaction, which gives rise to the pre-disciplinary hearing; (3) description of information of facts which is the basis for the hearing; (4) refer to the policy, law, regulation, rule or performance standard which has been violated; (5) inform the employee that the employee will have an opportunity to respond to the information an facts presented and to present information and facts; (6) inform the employee that formal disciplinary action may be taken based upon information provided and findings reached following the pre-disciplinary hearing.

JPAMP Rule 5.7 provides for the documentation of pre-disciplinary hearing, including the date, time, place and duration of hearing; copy of notice of pre-disciplinary hearing; description of facts and/or copy of evidence presented during the hearing that tend to establish the conduct, action or inaction, on the part of the employee which is a violation of a policy, law, relation, rule or performance standard which has been violated.

It is not clear from the record before us that the meeting of March 6, 2019 was a pre-disciplinary hearing in accordance with the Parish's policies. However, it meets the requirement of an initial inquiry to determine whether reasonable grounds existed to believe that the charges against the employee are true in order to support further action. In this case, it appears the Department attempted to have one hearing to meet the requirements of a below standards evaluation and to review the EIRs.[13]

The dual purposes of the meeting are established from the transcript. Human Resources manager, Jonas Perioti, stated "there's a couple of things we want to talk to you about today. First, we're going to start off with your actual evaluation." Over forty minutes later, Mr. Perioti states "we're going to move onto the second part of the meeting, we're going to talk about the recent EIR." The EIR for February 20, 2019 discusses the doctors' notes, as well as failing to turn in his daily reports on time.

However, the appellant did not raise this issue in his appeal. It was not adjudicated before Referee Nass during the hearing. It was raised for the first time in his post-hearing application for review, where he stated he was not given sufficient due process notice and no meaningful opportunity to be heard prior to the deprivation of his Civil Service position. Rules of Appeal Procedure, Rule

---

[13] Jefferson Parish Personnel Rule 1.5 provides that discussion of an evaluation with the employee is mandatory if the evaluation is Below Expectations or Needs Improvement in any category.

1(A)(d) states that petition must have "clear and concise statement of the actions complained against and a clear concise statement of the basis of the appeal." When examining the similar Civil Service Rule 13.11, the First Circuit has held "[t]he function of this rule is two-fold: (1) it apprises the appellee and the Commission of the material facts in dispute and therefore establishes the scope of the evidentiary hearing; and (2) it enables the Commission to gauge the amount of time needed for the evidentiary hearing by narrowing the issues." *Wheeler v. Dep't of Pub. Safety & Corr., Washington Corr. Inst.*, 500 So.2d 786, 788 (La. App. 1 Cir. 1986). Requiring applications for appeals to set forth the basis of the appeal "is similar in concept to La. C.Cr.P. arts. 844 and 920 and Rules 1–3 and 3–1.1 of the Courts of Appeal which limit and/or designate issues in appeals to those set forth in assignments or specifications of error; errors which are not so designated are deemed abandoned and may not be considered on appeal." *Shelton v. Se. Louisiana Univ.*, 431 So.2d 437, 440 (La. App. 1 Cir. 1983).

By failing to raise this argument before the appeal hearing, the Department was not put on notice to prove this basis and the opportunity to provide a copy of the notice or documentation of a pre-disciplinary hearing. It is also unclear whether it was addressed by the Board, as we have no transcript from the August 18, 2020 board hearing. Thus, we cannot consider for the first time on appeal, whether the Department complied with its Administrative Policies.

*Loudermill* entitles a civil service employee to oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity to present his side of the story. *Cannon v. City of Hammond*, 97-2660 (La. App. 1 Cir. 12/28/98), 727 So.2d 570, 572. The appellant admitted to some type of notice before the hearing, two EIRs detailing the employer's evidence were presented to him, and he was offered an opportunity to respond at the pre-termination hearing, in which he chose to deny the allegations. This is sufficient to meet the minimum

due process requirement that "some type of pre-termination hearing" be held. *Cannon*, 727 So.2d at 572. Furthermore, the appellant had a post-termination hearing to respond and present evidence. The *Loudermill* Court stated the existence of post-termination procedures is relevant to the necessary scope of pre-termination procedures. 470 U.S. at 547 (FN 12). The written notice requirement has been found to pertain to the termination letter required after the employee has received a *Loudermill* pre-termination hearing. *Brown v. Housing Authority of New Orleans*, 590 So.2d 1258, 1260 (La. App. 1 Cir. 1991). Thus, we find the appellant was not deprived of his constitutional right of due process before his termination was final.

Second Assignment of Error

The appellant claims that the Board committed reversible error when it determined that his actions impaired the efficient operation of the Department.

In reviewing the Board's exercise of its discretion to determine whether the disciplinary action is based on legal cause, this Court should not modify the Board's order unless it is arbitrary, capricious, or characterized by abuse of discretion. *Bolar v. Department of Public Works-Water*, 95-346 (La. App. 5 Cir. 10/31/95), 663 So.2d 876, *writ denied,* 95-2809 (La. 1/26/96), 666 So.2d 680. "Cause" for dismissal of an employee includes conduct prejudicial to the public service involved or detrimental to its efficient operation. *Bannister v. Dep't of Streets,* 95-0404 (La. 1/16/96), 666 So.2d 641, 647. A disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the "efficient operation" of the public service. *Newman v. Dep't of Fire*, 425 So.2d 753, 754–55 (La. 1983). If the appointing authority demonstrated by a preponderance of the evidence that the conduct of the employee did in fact impair the efficient and

orderly operation of the department, then the action of imposing such disciplinary measures may not be characterized as arbitrary and capricious. *Id.*

In the *Newman* case, the Louisiana Supreme Court overturned the appellate court's reversal of the employee's demotion for leaving his post. Finding "[t]he actions of Newman in leaving the station reduced dangerously the manpower level and efficiency of his ladder unit in violation of department policy and his duty as a fire captain and unit commander." *Id.* The Court found in view of all of the departmental rules and regulations governing such matters and the added responsibilities attendant the rank of captain, it was improper for the court of appeal to down-play the action of Newman as simply "absent without notification." *Id.* at 756. The action of the Commission in demoting Newman to the rank of firefighter was not found to be arbitrary or capricious since it was proven by a preponderance of the evidence that his dereliction substantially impaired the efficient and orderly operation of the fire department. *Id.*

In the present case, the charge in the termination letter was "providing a fraudulent doctor's note on February 19, 2019 for your sick leave that was taken February 12, 2019." This was proven by the appellant's own testimony, as well as the Department's investigation. The Director found the appellant's actions to be in violation of Parish and departmental work rules. Jefferson Parish Administrative Management Policy 501 on conformance to the law requires employees to be truthful and accurate in conduct, and Policy 503 describes unsatisfactory performance as absence without proper authorization and making false records or statements of any kind.

We find the Department met its burden of establishing legal cause for termination by showing the appellant's dishonesty. The charge that the appellant failed in his obligation to be truthful and accurate was proven. Director Burmaster stated in the termination letter that the acts of misconduct eroded his trust in the

appellant and any expectation of his credibility and dependability. Deference should be given to the Director's assessment that lack of trust in his employees will impair the efficient operation of a department in which employees must provide truthful information of their daily location as their work requires them to be in different locations without the regular supervision of their superiors. In *Narcisse v. Dep't of Police*, 12-1267 (La. App. 4 Cir. 3/6/13), 110 So.3d 692, 702, the court found that the Department established that an officer's dishonesty and failure to follow orders resulted in violations of core departmental values which "[w]e cannot say that these violations did not bear a real and substantial relationship to the efficient operation of the appointing authority."

The appellant argues that it is improper for the Agency to refer to similar situations and his recent annual evaluation because the Agency agreed to abandon all allegations against him except that he submitted a manufactured doctor's note. However, evidence of prior suspensions, reprimands or poor service ratings may be included in a letter of dismissal because they are relevant to the ultimate question of whether or not the employee was dismissed for cause, or they may be considered in determining an appropriate punishment. *Stiles v. Department of Public Safety, Drivers' License Division*, 361 So.2d 267 (La. App. 1 Cir. 1978). *Howard v. Hous. Auth. of New Orleans*, 457 So.2d 834, 845 (La. App. 1 Cir. 1984), *overruled by Ward v. Dep't of Pub. Safety & Corr.*, 97-1109 (La. App. 1 Cir. 9/18/98), 718 So.2d 1042.

Third Assignment of Error

The appellant claimed that the Board erred when it reversed the hearing officer's finding that his termination was not commensurate punishment for the offense committed.

Courts of Appeal are not free to alter the Board's choice of punishment unless it is shown that the Board abused its discretion or acted arbitrarily and

capriciously. *Shields v. City of Shreveport*, 565 So.2d 473 (La. App. 2 Cir. 1990). When there is no rational basis for the Board's action, its decision is arbitrary and capricious. *Bannister*, 666 So.2d at 647. The decision of the Board should not be overturned on appeal, even as to the severity of the discipline, unless the record reveals an abuse of discretion, or an insufficiency of supporting evidence. *McIntosh v. Monroe Municipal Fire and Police Civil Service Board*, 389 So.2d 410 (La. App. 2 Cir. 1980), *writ denied*, 395 So.2d 1363 (La. 1981); *Petrus v. Guin*, 378 So.2d 1016 (La. App. 2 Cir. 1979). A court cannot overrule a decision of the Board merely because it disagrees with the penalty imposed, substituting its judgment for that of the board. *Dumez v. Houma Municipal Fire and Civil Service Board*, 408 So.2d 403 (La. App. 1 Cir. 1981); *Shields v. City of Shreveport*, 565 So.2d 473, 478 (La. App. 2 Cir. 1990) (*on rehearing*), *aff'd*, 579 So.2d 961 (La. 1991). While the Court will not disturb findings of fact when they are based upon the Board's assessment of witness credibility and conflicting testimony, when testimony is taken by a hearing officer, the Board has no advantage over the reviewing court in evaluating the credibility of the witnesses. *Gant v. Department of Police*, 99-1351 (La. App. 4 Cir. 1/5/00), 750 So.2d 382, 384, *writ denied*, 760 So.2d 1161 (La. 4/20/00) (citing *Tobias v. Department of Streets*, 454 So.2d 835 (La. App. 4 Cir. 1984); *Bolar*, 663 So.2d at 880.

The referee determined that the punishment was not commensurate after evaluating the testimony from the Appointing Authority, Human Resources, the appellant's supervisor, and the appellant. However, the Board overturned this finding. We cannot say that the Board abused its discretion in upholding the Department's punishment. Supervisors are granted much latitude when exercising control over employees within their jurisdiction; an employee's conduct in a particular department is a vital part in maintaining that department so that it can

properly provide service to the public. *City of Kenner v. Pritchett*, 432 So.2d 971, 974 (La. App. 5 Cir. 1983). Jefferson Parish Administrative Management Policy 502 allows for corrective disciplinary action, including termination, to be imposed for unacceptable or prohibited conduct.

In *Serignet v. Department of Health*, the appellate court found that termination was justified for the deliberate falsification of sick slips which shows a lack of truthfulness and reliability. (La. App. 4 Cir. 5/20/09), 15 So.3d 1019, 1024. As discussed in the previous assignment of error, the appellant's acts of misconduct eroded the Department's trust in the appellant and any expectation of his credibility and dependability. Lack of truthfulness is a rational basis for termination of a public employee.

Evidence of prior infractions coupled with the instant offense may evidence either an employee's unreliability or his indifference to the requirements of his job. Repeated infractions by an employee may justify dismissal. *McGee v. Sewerage and Water Board of New Orleans,* 396 So.2d 430 (La. App. 4 Cir. 1981); *Albert v. Louisiana State Penitentiary,* 396 So.2d 340 (La. App. 1 Cir. 1981). In *Bolar*, the employee contended that termination was inappropriate as it was not justified by the grounds for his dismissal. 663 So.2d at 879. This Court found that although there had only been one or two instances where the employee had misused his Parish assigned vehicle, his actions established a pattern of conduct over an extended period of time. *Bolar v. Dep't of Pub. Works-Water*, 95-346 (La. App. 5 Cir. 10/31/95), 663 So.2d 876, 879,

Director Burmaster testified that he would fire for a first offense of a false note. While there was perhaps inadequate evidence presented of other incidents in the past, those were under the tenure of previous directors. Director Burmaster should be given the discretion to make rational personnel decisions for his department. Although the Department decided not to proceed on other grounds,

the appellant argues that his termination was excessive due to his twenty years of service without "written disciplinary issues." The EIRs submitted into evidence at the hearing showed that the appellant required frequent coaching and counseling regarding different policies in the year preceding the fraudulent note. The dishonesty shown by the appellant in submitting a falsified note, also calls into question the veracity of all documentation submitted by the appellant in the past twenty years, and would lead the Department to not trusting any future documents from the appellant. Thus, we find no merit to this assignment of error as the Board's decision to terminate the appellant was not arbitrary or capricious.

Fourth Assignment of Error

The appellant contends that the Personnel Board committed reversible error in failing to restore him to his previous job with back pay, attorney fees and costs.

The appellant claims that a Commission may order back pay, depending on the circumstances of the case. *Thomas v. Dept. of Welfare*, 454 So.2d 839, 840 (La. App. 4 Cir. 1986). After hearing the circumstances of this case, the referee and Board declined to order back pay. As this determination was made by the referee who was the finder of fact and arbiter of the pre-hearing process in this case, we will defer to his judgment. His order states that he felt it would be appropriate as part of the punishment. As we find that termination was justified, we find no merit to the claim that restoration without pay and fees was erroneous.

**CONCLUSION**

For the above-mentioned reasons, we affirm the decision of the Personnel Board to terminate the appellant's employment with the Jefferson Parish Department of Public Works - Streets.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## <u>NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY <u>NOVEMBER 3, 2021</u> TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 20-CA-452

### <u>E-NOTIFIED</u>
JEFF PARISH PERSONNEL BOARD (CLERK)
DALE E. WILLIAMS (APPELLANT)          CRYSTAL M. HEINE (APPELLEE)

### <u>MAILED</u>
JEFFERSON PARISH PERSONNEL BOARD
(DISTRICT JUDGE)
200 DERBIGNY STREET
SUITE 3100
GRETNA, LA 70053